UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8-14-13
```

LATIN AMERICA MUSIC COMPANY,
INC., *et al.*,

                    Plaintiffs,

        -v-

SPANISH BROADCASTING SYSTEM, INC.
and RAUL ALARCON, JR.,

                    Defendants.

No. 13 Civ. 1526 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

        After a conference in this matter on June 26, 2013, the Court issued an Order staying

discovery and directing the parties to submit a joint status letter concerning, *inter alia*, whether

Plaintiffs seek to amend their most recent Complaint, whether Defendants seek to proceed with

their motion to dismiss, and a proposed schedule for the above. (Doc. No. 13.)  Instead of filing

a joint letter as directed by the Court, the parties submitted three separate letters, which are

attached to this Order: (1) Plaintiffs' letter, dated August 8, 2013, concerning reinstatement of

Case No. 97 Civ. 1466 (RCC) (the "1997 Case"); (2) Plaintiffs' status letter, dated August 9,

2013, stating that they would like to reopen the 1997 Case, consolidate it with the present action,

and either engage in jurisdictional discovery concerning the individual Defendant or file an

amended complaint by September 27, 2013; and (3) Defendants' status letter, dated August 9,

2013, requesting that the case against Defendants be stayed so that they may further explore

which entity has the rights to the songs in question and stating their opposition to reopening the

1997 Case.

First, concerning the 1997 Case, Plaintiffs have not explained why they are *now* seeking to reopen this case, which was closed in 2001 after there was no action in the case for one year. Plaintiffs also have not explained how the 1997 case is related to the present case. Accordingly, IT IS HEREBY ORDERED THAT Plaintiffs' request to consolidate the 1997 Case with the present action is denied.

Second, the Court will not permit jurisdictional discovery at this stage because Plaintiffs' most recent Complaint does not make a prima facie showing of jurisdiction over the individual Defendant. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007) ("conclud[ing] that the district court acted well within its discretion in declining to permit discovery because the plaintiff had not made out a prima facie case for jurisdiction"). Plaintiffs may, however, amend their most recent Complaint by adding allegations concerning the individual Defendant and/or the six works already identified in the most recent Complaint. Accordingly, IT IS FURTHER ORDERED THAT if Plaintiffs seek to file an amended Complaint, they shall do so on or before Friday, August 23, 2013.

Third, as the Court stated during the June 26, 2013 conference in this matter, determining the respective rights of the parties and BMI to the works in question seems central to the merits of Plaintiffs' claims. Therefore, IT IS FURTHER ORDERED THAT the parties shall continue working to determine BMI's rights to the works in question and the validity of any licenses held by Defendants as to those works. In addition, the parties may engage in written discovery concerning this particular issue although general discovery in this matter shall remain stayed.

Finally, IT IS FURTHER ORDERED THAT if Defendants, after engaging in further discovery concerning BMI's rights to the relevant works and reviewing Plaintiffs' amended Complaint, wish to file a dispositive motion as to all or some of Plaintiffs' claims, they shall

2

submit a pre-motion letter to the Court on or before Friday, September 27, 2013.  Plaintiffs shall respond to any such letter within three business days.


SO ORDERED.

Dated:          August 13, 2013
                New York, New York


RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

*José Luis Torres*

*Attorney-at-Law*
202 Mamaroneck Avenue
Suite 101
White Plains, New York 10601

Tel.: (917) 463-4616
Fax: (917) 546-0836
email: jtorres512@jtlegal.com

August 8, 2013

The Honorable Richard J. Sullivan
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

     **Re**:   ***Latin American Music Company, Inc. v. Spanish Broadcasting System, Inc.*,
              Case No.: 97-CV-1466-RCC**

Dear Judge Sullivan:

I am counsel to Latin American Music Company, Inc., which was the plaintiff in the above-referenced case.

My client hereby requests reinstatement of the above-referenced case pursuant to the Order of the late Judge Richard C. Casey entered in that action on January 18, 2001.

The full docket text for Order [document 63] reads as follows:

> ORDER; that as there has been no action in this case for over one year, it is hereby closed subject to reinstatement by either party. Such reinstatement shall be effected by letter application to this Court without the need for filing a new action or obtaining a new docket number. The Clerk of the Court is directed to close this case . ( signed by Judge Richard C. Casey ); Copies mailed. (pl)

Please be advised that my client has a new case pending against the defendant which has been assigned to you, i.e., *Latin American Music Company, Inc. a/k/a Lamco and Asociación de Compositores y Editores de Música Latinoamericana, a/k/a ACEMLA v. Spanish Broadcasting System, Inc., and Raúl Alarcón, Jr.,* Case No.: 13-CV-01526-RJS.

Thank you.

Respectfully yours,

José Luis Torres, Esq.
New York Bar No. 1034545
email: jtorres512@jtlegal.com

JLT:amt

cc:    Wolf, Block, Schorr and Solis-Cohen, LLP
       *Attorneys of Record for Defendants*
       *Spanish Broadcasting System,Inc., SBS of*
       *Greater New York, Inc. d/b/a WPAT·FM,*
       *Spanish Broadcasting System, Inc.*
       *d/b/a WSKQ·FM, Spanish Broadcasting*
       *System of Florida, Inc. d/b/a KLAX-FM,*
       *WCMQ-FM, WCMQ-AM, WZMQ-FM*
       *and WVMQ-FM, and Spanish Broadcasting*
       *System of Greater Miami, Inc. d/b/a*
       *WXD J and WRMA*
       250 Park Avenue
       New York, New York 10177

       White & Case
       *Attorneys of Record for ASCAP*
       1155 Avenue of the Americas
       New York, New York 10036

       Richards & O'Neill
       *Attorneys of Record for BMI*
       885 Third Avenue
       New York, New York 10022

       Courtesy Copy to:

       Strook Stook & Lavan, LLP
       Attn: James G. Sammataro, Esq.
       *Attorneys for Defendants*
       *Spanish Broadcasting System, Inc.*
       *and Raúl Alarcon, Jr., in the new case*
       Southeast Financial Center
       200 South Biscayne Blvd. Suite 3100
       Miami, Florida 33131

*José Luis Torres*

*Attorney-at-Law*
202 Mamaroneck Avenue
Suite 101
White Plains, New York 10601

———

Tel.: (917) 463-4616
Fax: (917) 546-0836
email: jtorres512@jtlegal.com

August 9, 2013

By Email to:
sullivannysdchambers&nysd.uscourts.gov

The Honorable Richard J. Sullivan
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    Latin American Music Company, Inc. v. Spanish Broadcasting System, Inc., et al.
             Case No.: 13-CV-01526-RJS

Dear Judge Sullivan:

Plaintiffs, Latin American Music Company, Inc. ("LAMCO") and Asociación de Compositores y Editores de Música Latinoamericana ("ACEMLA") ("Plaintiffs"), hereby submit a status report as required by the Court's June 26, 2013 Order [D.E. 13].

As Your Honor may recall, during the June 26, 2013 initial conference and pre-motion conference on SBS and Mr. Alarcón, Jr.'s respective requests to file dismissal motions (the "Initial Conference"), the Court directed the parties to confer on several matters prior to submitting a status report.

At the conference, defendants' counsel indicated that defendants' license with non-party, Broadcast Music Inc. ("BMI"), might be a valid defense to some of the plaintiffs' claim of infringement. Counsel for the plaintiffs agreed to review any documentation provided by BMI to determine whether it provided defendants with the right to broadcast the subject songs.

The parties have received documentation from BMI's counsel. Plaintiffs have carefully reviewed it and have determined that it fails to support BMI's and defendants' position with respect to any of the songs. Defendants' counsel was provided with plaintiffs' specific findings pointing out the numerous flaws in BMI's documentation. Nevertheless, defendants continue to cling to the hope that the BMI license absolves them with respect to several of the infringements.

*1.* **Defendants' Attempt to Stall this Litigation by Claiming a Dispute between Plaintiffs and BMI.**

In their status letter to this Court, defendants suggest that the Court stay this proceeding as, they allege, there is a dispute between plaintiffs and BMI as to some of the songs.

Defendants' attempt to divert attention away from them at this preliminary stage is improper and contrary to the Federal Rules of Civil Procedure.

If defendants claim a defense to the infringement claims based on a purported license agreement from Broadcast Music Inc. ("BMI"), there are established rules and procedures for bringing the non-party into the action. Further, it is my understanding that under a licensing agreement BMI may possibly have an obligation to indemnify defendants for claims such as those asserted by plaintiffs. If so, BMI can move to join in this action.[2]

Plaintiffs have provided defendants' counsel with their specific objections to the documentation which includes BMI apparently being deceived by one individual "Johnny Alvarez a/k/a Juan Luis Alvarez Mercado"who claimed he was the composer of *"Arroz con Bacalao,"* when he clearly was not. The well-known composer, Jenaro Alvarez Domenech a/k/a Heny Alvarez, wrote the song.

Another example of defendants' attempt to convince this Court of the merit of BMI's claims is the allegation that BMI "has secured documentary evidence that Mr. Gonzalez [another composer] is alive and well." In fact, unfortunately Mr. Hugo Lorento Gonzalez is, as plaintiffs have explained, quite deceased as evidenced by a Certificate of Death issued by the Commonwealth of Puerto Rico's Department of Health, Demographic Registry, bearing registration date of November 4, 1970. (See Exhibit "A".) It appears that BMI may again have been deceived in its business transactions.

These examples highlight the futility of defendants' improper attempt to sidetrack this case.

*2.* **Amendment of the Complaint**

Plaintiffs seek to amend their complaint to: (1) include further allegations of defendant Raúl Alarcón, Jr.'s extensive operation, direction and program selection in the defendant SBS's radio stations in New York, or, in the alternative, request leave to conduct jurisdictional discovery of defendant Raúl Alarcón, Jr. See *Gen. Indus. Co. v. Birmingham Sound Reproducers, Ltd.*, 26 F.R.D. 559, 561 (E.D.N.Y. 1961) (requiring the plaintiff to complete jurisdictional discovery before proceeding) and (2) add further allegations that the defendants have repeatedly infringed on plaintiffs' copyrights as represented by its repertoire of songs by knowingly and wilfully broadcasting plaintiffs' songs without consent or license.

---

[2]   This issue may be moot for as demonstrated further on in this letter, plaintiffs have requested reinstatement of a prior related case wherein BMI was a party.

Defendants attempt to impugn the integrity of the plaintiffs' principals alleging that they are knowingly pursuing invalid claims and have a history of doing so. There is indeed a long history of litigation by and among the performance rights societies wherein conflicting claims have been presented and litigated. For defendants' counsel, however, to cite instances where plaintiffs were not successful in their claims has no bearing on the issues before this Court. These unpleasant attacks have no place in these preliminary proceedings. The merits of either parties' positions should be properly determined by the established rules of litigation and the judicial process and not by innuendo.

3.   *Settlement Discussions*

The parties are exploring a possible settlement of this case.

4.   *A New Development*

Plaintiffs have, by separate letter to this Court dated August 8, 2013, requested reinstatement of a prior case, Latin American Music Company, Inc. v. Spanish Broadcasting System, Inc., Case No.: 97-CV-1466-RCC, brought by plaintiffs against defendant SBS and other defendants. By Order dated January 18, 2001, the late Judge Richard C. Casey closed the prior case subject to reinstatement by either party effected by letter application to this Court. [D.E. 63]

As this is a related case, and it will likely take some time for the prior defendants and their counsel to respond to the reinstatement of the proceeding, scheduling of proceedings in this matter may have to be held in abeyance pending appearances and any other preliminary proceedings. If the Court deems necessary, plaintiffs respectfully request leave to move to consolidate the proceedings pursuant to Fed. R. Civ. P. 42(a).

5.   *Proposed Schedule*

Plaintiffs propose to prepare and serve an amended complaint by September 27, 2013, because they would have to update and consolidate their complaint with that of the prior action. However, if the Court grants leave to conduct jurisdictional discovery with respect to defendant Raúl Alarcón, Jr., plaintiffs request that the date for the filing of the amended complaint be held in abeyance pending completion of such discovery.

Respectfully submitted,

José Luis Torres, Esq.
New York Bar No. 1034545

JLT:amt
Encl.
cc:   Strook Strook & Lavan, LLP
      *Attorneys for Defendants*

-3-

# ESTADO LIBRE ASOCIADO DE PUERTO RICO
## (COMMONWEALTH OF PUERTO RICO)

**CONFIDENTIAL**

DEPARTAMENTO DE SALUD
(DEPARTMENT OF HEALTH)
REGISTRO DEMOGRAFICO
(DEMOGRAPHIC REGISTRY)
CERTIFICACION DE DEFUNCION
(CERTIFICATION OF DEATH)

NUMERO 

NUMERO DE CERTIFICADO (CERTIFICATE NUMBER)
152-1970-01214-000000-█████

NOMBRE DEL FALLECIDO (DECEASED NAME)
HUGO GONZALEZ LORENTE

SEGURO SOCIAL (SOCIAL SECURITY)
DESCONOCIDO (UNKNOWN)

SEXO (SEX)
M

ESTADO CIVIL (MARITAL STATUS)
CASADO (MARRIED)

NOMBRE CONYUGE (SPOUSE'S NAME)
INES CRUZ

FECHA DEFUNCION (DEATH DATE)
25 OCT 1970

FECHA REGISTRO (REGISTRATION DATE)
04 NOV 1970

LUGAR DEFUNCION (DEATH PLACE)
SAN JUAN, PUERTO RICO

FUE EMBALSAMADO? ( WAS EMBALMED? )
SE DESCONOCE (UNKNOWN)

FECHA NACIMIENTO (BIRTH DATE)
█████ 1926

EDAD (AGE)
44 AÑOS

LUGAR NACIMIENTO (BIRTH PLACE)

NOMBRE DEL PADRE (FATHER'S NAME)
FLORINDO GONZALEZ

NOMBRE DE LA MADRE (MOTHER'S NAME)
TOMASA LORENTE

FECHA EXPEDICION (DATE ISSUED)
02 MAY 2003

ESTE ES UN ABSTRACTO DEL CERTIFICADO DE
DEFUNCION OFICIALMENTE INSCRITO EN EL
REGISTRO DEMOGRAFICO DE PUERTO RICO BAJO
LA AUTORIDAD CONFERIDA POR LA LEY 24 DEL
22 DE ABRIL DE 1931

THIS IS AN ABSTRACT OF THE RECORD
FILED IN THE DEMOGRAPHIC REGISTRY OF
PUERTO RICO ISSUED UNDER THE
AUTHORITY OF LAW 24, APRIL 22, 1931

SECRETARIO DE SALUD
(SECRETARY OF HEALTH)

DIRECTOR REGISTRO DEMOGRAFICO
(STATE REGISTRAR)

DEPARTAMENTO DE
**SALUD**
GOBIERNO DE PUERTO RICO

EXP. ████████

*Dando Salud... a tu Vida.*

EXHIBIT "A"

**ADVERTENCIA: Cualquier alteración o borradura cancela esta certificación.**

# STROOCK

August 9, 2013

**Via E-Mail**
The Honorable Richard J. Sullivan
sullivannysdchambers&nysd.uscourts.gov
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Latin American Music Company, Inc. v. Spanish Broadcasting System, Inc.,*
      **Case No.: 13-CV-01526-RJS**

Dear Judge Sullivan:

Defendants, Spanish Broadcasting System, Inc. ("SBS") and Raúl Alarcón, Jr. ("Mr. Alarcón") (collectively, "Defendants"), through counsel, hereby submit this letter in response to the Court's June 26, 2013 Order [D.E. 13].

As Your Honor may recall, during the June 26, 2013 initial conference and pre-motion conference on SBS and Mr. Alarcón's respective requests to file dismissal motions, the Court directed the parties to confer on several matters prior to submitting a status report.[1] The principal inquiry was the question of whether non-party, Broadcast Music Inc. ("BMI"), had the right to license four (4) of the six (6) musical works (the "Four Works") specifically identified in the First Amended Complaint [D.E. 9] filed on behalf of Latin American Music Company, Inc. ("LAMCO") and Asociación de Compositores y Editores de Música Latinoamericana's ("ACEMLA") (collectively, "Plaintiffs").[2]   On July 26, 2013, the Parties requested an enlargement of time through today – which the Court granted [D.E. 14] – in which to remit a joint status report as additional time was needed to finalize a Confidentiality Agreement and evaluate the documentation voluntarily provided by BMI's counsel.

The analysis of the BMI documentation – together with the Plaintiffs' recently announced intention to seek the reinstatement of a 1997 litigation involving the Plaintiffs and SBS, among

---

[1] The status report was to minimally address: "whether the case has settled; whether Plaintiffs seek to further amend the most recent Complaint with additional allegations concerning the individual Defendant or the works in question; whether the Defendants seek to proceed with their motion to dismiss; and, a proposed schedule for the above." [D.E. 13].

[2] The four musical works at issue are: (1) *Arroz Con Bacalao*; (2) *Vasos en Colores,* (3) *Soy Sensacional*, and (4) *Aguanile.* [D.E. 9 at ¶ 19 ].

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI · WASHINGTON, DC
SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BLVD., SUITE 3100 MIAMI, FL 33131
TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

others – has regrettably widened and hardened the Parties' respective positions, precluding the submission of a joint status letter. As detailed herein, the Parties possess disparate views as to both the scope and the proper administration of this matter.

### A.   The Dispute Regarding the Four Works Is between the Plaintiffs and BMI.

From SBS's vantage, this action is principally a dispute between the Plaintiffs and BMI. As reflected by BMI's July 24, 2013 correspondence, BMI has furnished documentation supporting its contention that: (a) the Four Works are properly registered and affiliated with BMI, and (b) BMI has paid royalties to the composers in connection with the Four Works, which the composers (and/or their respective assignees and heirs) have accepted. (A true and correct copy of BMI's July 24, 2013 correspondence is attached hereto as **Exhibit A**).[3]  The Plaintiffs – unsurprisingly – reject BMI's contention. (*See* **Exhibit B**). The depth of the chasm between BMI and the Plaintiffs respective positions is evidenced by their disagreement as to whether Hugo González Lorento ("Mr. González"), the composer of *Vasos en Colores*, remains among the living. The Plaintiffs contend in conclusory fashion that Mr. González died in 1970. For its part, BMI has secured documentary confirmation that Mr. González is alive and well. (*See* **Exhibit C**).

The importance of this dispute regarding the validity of BMI's right to administer the public performance rights to the Four Works cannot be understated. If BMI's position is correct, then the Four Works are covered by SBS's license with BMI, such that the Defendants cannot be held liable for copyright infringement as a matter of law. *See, e.g., Freeplay Music, Inc. v. Cox Radio, Inc.*, 404 F. Supp. 2d 548, 554-55 (S.D.N.Y. 2005) (Lynch, J.) (radio stations' performance licenses with BMI authorized them to play advertiser-supplied commercials that incorporated copyright owner's compositions, even if making of those commercials infringed owner's synchronization); *Carano v. Vina Concha y Toro, S.A.*, 288 F. Supp. 2d 397, 400-403 (S.D.N.Y. 2003) (Brieant, J) ("Common sense suggests that if, for no other reason, the Complaint must fail because [the plaintiff] paid a substantial fee for which it received an implied non-exclusive license to develop [the work];" and the artist was paid a fee in exchange for drawing); *Keane Dealer Servs., Inc. v. Harts*, 968 F. Supp. 944, 947 (S.D.N.Y. 1997) (Baer, J.) ("a nonexclusive license may be granted orally, or may even be implied from conduct," and ruling that a license is a defense to a copyright infringement).

### B.   Prior Litigation Between the Plaintiffs and ASCAP Suggests that SBS's ASCAP License Entitles It to Publicly Perform *Ojos Chinos*.

The Amended Complaint's fifth specifically identified musical work is *Ojos Chinos*. In their Amended Complaint, the Plaintiffs allege that they are the copyright owners or licensees of *exclusive* rights in and to *Ojos Chinos* (Am. Compl., ¶ 18). Conspicuously absent from the

---

[3] Notably, ACEMLA has repeatedly rejected the Defendants' request to provide evidentiary support that it has paid the writers / composers of the Four Songs. (*See* J. Torres' July 31, 2013 email to J. Sammataro, attached hereto as **Exhibit D**). ACEMLA's refusal to provide this documentation has thwarted the Parties' ability to fully comply with this Court's directive to confer in good faith: if ACEMLA has not paid the writers (while BMI has), this is of obvious import. Similarly, if ACEMLA has paid these writers and the writers have double-collected, then this too is of equal relevance as the Plaintiffs' claims may instead lie against the writers.

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI · WASHINGTON, DC
SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BLVD., SUITE 3100 MIAMI, FL 33131
TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

Amended Complaint is any reference to the fact that the American Society of Composers, Authors and Publishers ("ASCAP") possesses a competing claim to *Ojos Chinos* – a fact well-known to the Plaintiffs given that *Ojos Chinos* was the subject of a protracted *eleven year* litigation between these same Plaintiffs and ASCAP before the United States District Court for the District of Puerto Rico. *See Latin American Music Co., Inc. v. Archdiocese of San Juan of the Roman Catholic and Apostolic Church*, 194 F. Supp. 2d 30, 46-49 (D. P.R. 2001).

There, the court determined that Southern Music Publishing Co., Inc. ("Southern"), an ASCAP member, held an assignment of rights to *Ojos Chinos* and that Plaintiffs held a ***non-exclusive*** license. *Id.* Though the Plaintiffs' non-exclusive license preceded Southern's assignment, the court held that the Plaintiffs lacked standing to bring a copyright infringement claim as to *Ojos Chinos* because they only possessed a non-exclusive license. *Id.* at 49 (citing *R. Ready Prods., Inc. v. Cantrell*, 85 F. Supp. 2d 672, 687 n. 11 (S.D. Tex. 2000)). The district court's dismissal of the Plaintiff's infringement claim was affirmed on appeal by the First Circuit. *See Latin American Music Co., Inc. v. Archdiocese of San Juan of the Roman Catholic and Apostolic Church*, 499 F.3d 32, 41-42 (1st Cir. 2007).

The Plaintiffs' failure to make *any* mention of the prior *Ojos Chinos* litigation and their blanket claim of exclusive rights in this work demonstrates a stunning lack of candor and, as further outlined below, appears to be part of their *modus operandi*.

## C.    This Action Should Be Stayed Against SBS.

At bottom, this is a dispute among the Plaintiffs, BMI and ASCAP involving the underlying rights to five (5) of the six (6) musical works that SBS has purportedly infringed. SBS pays handsome annual license fees to both BMI and ASCAP; has reasonably relied upon these blanket licenses in playing the musical works; and should not be ensnared into what portends to be an expensive and protracted litigation[4] until the threshold issue of which entity actually possesses the underlying rights in the musical works is decided. *See Trikona Advisors Ltd v. Kai-Lin Chuang*, 2013 WL 1182960, at *2 (E.D.N.Y. March 20, 2013) ("There is an inherent power to issue a stay in the interest of justice.") (citing *Louis Vuitton Malletier S.AS. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012)); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[It is] incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). *See also*, *Goldstein v. Time Warner N.Y. City Cable Grp.*, 3. F. Supp.2d 423, 437-38 (S.D.N.Y. 1998) ("It is within the sound discretion of a district court to enter a stay pending the outcome of independent proceedings that are likely to affect a case on its calendar.").

---

[4] It bears noting that in a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court [in] its discretion may reduce the award of statutory damages to a sum not less than $200." 17 U.S.C. s. 504(c)(2). Consequently, given SBS's reliance on its BMI and ASCAP licenses in playing the works in question, the Plaintiffs damages are arguably limited under the Copyright Act to as little as $200.00 to $1,000.00 per infringement. *See* 17 U.S.C. s. 504(c)(2); *see generally D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 35 (2d Cir. 1990) (affirming trial court's award of $200 for innocent infringement).

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI · WASHINGTON, DC
SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BLVD., SUITE 3100 MIAMI, FL 33131
TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

Given the Plaintiffs' knowledge of BMI and ASCAP's conflicting claims to the works, their unwavering desire to selectively – and singularly – proceed against SBS (and its Chief Executive Officer) is perplexing. However, when placed in context, the Plaintiffs' motives are evident: their true intention is to launch a litigation premised on a handful of specifically identified musical works in which they may or may not actually possess rights (*see* Amended Complaint, ¶ 18); make vacuous charges of the widespread and extensive infringement of ***unnamed and unidentified works*** for the specific purpose of amplifying the scope and cost of discovery (*see id.* at ¶ 22);[5] force SBS to bring BMI and ASCAP into the matter; and create a litigation so cumbersome and so expensive as to render a settlement (in the form of an unmerited license agreement) the only practical solution for the Defendants. Accordingly, the Defendants respectfully request that the Court order a briefing schedule on their motion to stay.

**D.    The Plaintiffs' Past – and Strikingly Similar – Litigations Inform the Analysis.**

Evidence of the Plaintiffs' stratagem is revealed by their history of filing unsustainable copyright infringement actions. *See, e.g., Latin American Music Co., Inc. v. Cardenas, Fernandez & Assoc., Inc.*, 2003 WL 1825657 (1st Cir. April 8, 2003) (affirming summary judgment in favor of defendants on LAMCO and ACEMLA's copyright infringement claims where LAMCO and ACEMLA failed to establish that they had any enforceable rights to the songs at issue); *Latin American Music Co., Inc. v. Media Power Group, Inc.*, 705 F.3d 34 (1st Cir. 2013) (affirming judgment in favor of defendants on LAMCO and ACEMLA's copyright infringement claims in which: (a) the court awarded summary judgment to defendants on twelve (12) of the twenty-one (21) songs at issue and (b) the jury determined that LAMCO did not prove that it owned copyrights in the remaining nine (9) songs).

*Latin American Music Co., Inc. v. Archdiocese of San Juan of the Roman Catholic and Apostolic Church*, 2005 WL 1847013 (D. P.R. Aug. 2, 2005) is further instructive. In this action, Peer International Corporation ("Peer"), a multi-national publishing corporation, demonstrated that the Plaintiffs had wrongfully claimed ownership to hundreds of musical works that actually belonged to Peer, and was brandishing its inflated claim of ownership as a threat against a series of radio broadcasters in Puerto Rico. The Plaintiffs' threat was: to pay for a license or to be sued. *Id.* at *2.

After extensive litigation, the Plaintiffs were forced to concede that that they had "***accidentally left in their catalogue nearly 200 songs belonging to Peer.***" *Id.* at *4 (emphasis added). Not only had the Plaintiffs wrongly asserted rights to hundreds of musical works to which they possessed no rights, but they engaged in a pattern of behavior specifically designed to force the other parties to needlessly expend their resources. Ultimately, the Court issued the ultimate sanction, dismissing the Plaintiffs' claims with prejudice. In rendering its ruling, the court denounced the Plaintiffs' abusive litigation tactics: "[t]his sort of meretricious dawdling,

---

[5] Already, and despite the fact that *only* two (2) of SBS's twenty (20) radio stations have allegedly infringed the musical works, Plaintiffs have demanded "playlists of all music broadcast on all of SBS's radio stations, whether terrestrial or via internet streaming or otherwise for the past three years calculated from the date of the filing of the Complaint." (*See* the parties' June 14, 2013 jointly submitted letter, p. 4).

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI · WASHINGTON, DC
SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BLVD., SUITE 3100 MIAMI, FL 33131
TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

uninterruptedly extending for the duration of these cases, can be tolerated no further ... [w]hile the LAMCO Parties swiver, the rest of the parties to the litigation were prejudiced." *Id.*

Underscoring the Plaintiffs' intention to, once again, dig into their old playbook is their recently announced (and unexplained) intention to seek the reinstatement of a litigation commenced in 1999 and administratively closed in 2001. (*See* J. Torres' August 8, 2013 letter to Judge Sullivan, attached hereto as **Exhibit E**).

At its heart, this action involves a determination regarding the underlying rights to six (6) musical works. Rather than pursue a legitimate, merits-driven approach to determine its alleged rights in these works, the Plaintiffs have elected to pursue a now well-trodden path to exploit the judicial system in order to extract license fees by needlessly expanding the scope of this case.

### E.   Amendment of the Complaint / Proposed Schedule.

The Plaintiffs have expressed their intention to file a Second Amended Complaint to: (1) include allegations of Mr. Alarcón's purported involvement in the operation, direction and program selection of SBS's radio stations in New York, or, in the alternative, request leave to conduct jurisdictional discovery of Mr. Alarcón; and (2) add further allegations that the Defendants have repeatedly infringed on the Plaintiffs' copyrights by knowingly and willfully broadcasting Plaintiffs' songs.

The Plaintiffs propose that they be permitted to file their Second Amended Complaint by September 20, 2013, unless the Court grants leave to conduct jurisdictional discovery with respect to Mr. Alarcón, in which case the Plaintiffs request that the date for the filing of the amended complaint be held in abeyance pending completion of such discovery.

For the reasons articulated above, the Defendants believe that the entirety of this action should be stayed pending a resolution of the dispute among ASCAP, BMI and the Plaintiffs as to which entity or entities actually possess the underlying rights in the subject musical works. In the event that the Court is disinclined to stay the matter, the Defendants have no objection to the Plaintiffs' proposed September 20, 2013 filing deadline.

The Defendants do, however, object to the Plaintiffs' request to engage in jurisdictional discovery of Mr. Alarcón as the Amended Complaint fails to allege a *prima facie* basis for personal jurisdiction over Mr. Alarcon. *See, e.g., Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007) ("[T]he district court acted well within its discretion in declining to permit discovery because the plaintiff had not made out a prima facie case for jurisdiction."); *accord Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998); *Weaver f. Derichebourg ICS Multiservices*, 2010 WL 517595, at *3 (S.D.N.Y. Feb. 3, 2010) (Taylor Swain, J.) (plaintiff not entitled to jurisdictional discovery where it has failed to make out a prima facie case of personal jurisdiction). Mr. Alarcon should not be forced to submit to the time and expense of jurisdictional discovery until the Plaintiffs actually make out a *prima facie* basis for New York's exercise of personal jurisdiction over him. *See id.*

STROOCK & STROOCK & LAVAN LLP • NEW YORK • LOS ANGELES • MIAMI • WASHINGTON, DC
SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BLVD., SUITE 3100 MIAMI, FL 33131
TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

F.    **Settlement Discussions**.

The parties have engaged in preliminary settlement dialogue, which remains ongoing.

G.    **The "New" Development**.

*The Plaintiffs' Position*

The Plaintiffs have, by separate letter to this Court dated August 8, 2013 (*see* Ex. E), requested reinstatement of a prior case, *Latin American Music Company, Inc. v. Spanish Broadcasting System, Inc.*, Case No.: 97-CV-1466-RCC, brought by the Plaintiffs against defendants SBS, BMI and ASCAP (the "1997 Action"). By Order dated January 18, 2001, the late Judge Richard C. Casey closed the 1997 Action subject ostensibly to reinstatement at the parties' request. (*See* Ex. E).

The Plaintiffs contend that the 1997 Action is a related case, and note that since it will likely take some time for the prior defendants and their counsel to respond to the reinstatement of the proceeding, scheduling of proceedings in this matter may have to be held in abeyance pending appearances and any other preliminary proceedings.

*The Defendants' Position*

The Defendants' position is that there is no cognizable legal basis to reinstate a case that was closed over *twelve years* ago. Any such reinstatement is arguably barred by the three-year statute of limitations applicable to copyright infringement matters, and the equitable doctrine of laches. *See* 17 U.S.C. § 507(b); *Amorosi v. Comp USA*, 2005 WL 66605, at *5 (S.D.N.Y. Jan. 12, 2005) ("Statutes of limitation, like the equitable doctrine of laches, in their conclusive effects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared."). Not only is the Plaintiffs' request for reinstatement of the 1997 matter baseless, it further evidences their strategy to create the most expensive and complex litigation possible so as to coerce the Defendants into an early settlement.

Before the Court considers reinstating the 1997 Action, all of the parties to that action should be permitted to submit letters outlining the legal issues for this Court's consideration, prior to submitting formal briefs, if deemed necessary. Additionally, the Defendants respectfully request a status conference – involving the parties and counsel for ASCAP and BMI – to discuss the issues raised herein and to decide on a course of action for this litigation.

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI · WASHINGTON, DC
SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BLVD., SUITE 3100 MIAMI, FL 33131
TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

Dated:  August 9, 2013

Respectfully submitted,

James. G. Sammataro
New York Bar No. 4937926
**STROOCK & STROOCK & LAVAN, LLP**
*Attorneys for Defendants*
Southeast Financial Center
200 South Biscayne Blvd. Suite 3100
Telephone: (305) 358-9900
email: jsammataro@stroock.com

STROOCK & STROOCK & LAVAN LLP • NEW YORK • LOS ANGELES • MIAMI • WASHINGTON, DC
SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BLVD., SUITE 3100 MIAMI, FL 33131
TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM