UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LATIN AMERICAN MUSIC COMPANY, INC. *a/k/a* LAMCO and ASOCIACIÓN DE COMPOSITORES Y EDITORES DE MUSICA LATINOAMERICANA *a/k/a* ACEMLA,<br><br>               Plaintiffs,<br><br>  v.<br><br>SPANISH BROADCASTING SYSTEM, INC. and RAÚL ALARCÓN JR.,<br><br>               Defendants. | Civil Action No. 13 CV 1526-RJS<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPANISH
BROADCASTING SYSTEM, INC.'S MOTION TO DISMISS
<u>COUNT II OF THE THIRD AMENDED COMPLAINT</u>**

James C. Fitzpatrick
Meaghan C. Gragg
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
212-837-6000

*Attorneys for Defendants Spanish
Broadcasting System, Inc. and Raúl
Alarcón, Jr.*

Defendant Spanish Broadcasting System, Inc. ("SBS") respectfully submits this memorandum of law in support of its motion to dismiss Count II of the Third Amended Complaint pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

Having amended their complaint three times, Plaintiffs now identify thirteen specific musical works that they claim SBS infringed on identified dates and times by playing them on SBS-owned radio stations. However, Plaintiffs' Third Amended Complaint continues to contain a Count II, which purports to allege infringement of an indeterminate number of unidentified works at unspecified dates and times. As this Court has observed, "the elements for a copyright infringement claim are that, first of all, you have to allege the specific original works that are subject to the copyright claim." (Hr'g Tr. 13:17-20, June 26, 2013.) Plaintiffs' sweeping allegations of copyright infringement in Count II of the Third Amended Complaint do not meet this requirement, nor do they identify the alleged infringing acts. Count II therefore should be dismissed for failure to comply with Rule 8, and for failure to state a claim under Rule 12(b)(6).

**PROCEDURAL BACKGROUND AND ALLEGATIONS**

Plaintiffs Latin American Music Company, Inc. and ACEMLA de Puerto Rico Inc. filed their original complaint against Defendants SBS and Raúl Alarcón in March 2013. (D.E. 1.) In response to the original Complaint, SBS submitted a pre-motion letter to the Court

seeking leave to file a motion to dismiss Plaintiffs' copyright infringement claim pursuant to Rule 12(b)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(e).[1]

After SBS submitted its initial pre-motion letter, Plaintiffs filed an Amended Complaint. (D.E. 9.) The Amended Complaint asserted two counts of copyright infringement against SBS and Mr. Alarcón. Count I of the Amended Complaint was based on SBS's alleged infringement of six specifically-identified songs purportedly owned and/or administered by Plaintiffs, (*id.* ¶¶ 18-20), and Count II of the Amended Complaint was based on SBS's alleged infringement of additional unnamed and unspecified musical compositions purportedly owned and/or administered by Plaintiffs, (*id.* ¶¶ 22-23). The deficiencies in the original Complaint were not cured in the Amended Complaint, prompting SBS to submit another pre-motion letter to the Court seeking leave to file a motion to dismiss.[2]

At a conference on June 26, 2013 (the "June 26th Conference"), the Court addressed the pre-motion letters submitted by the parties, observing that "the elements for a copyright infringement claim are that, first of all, you have to allege the specific original works that are subject to the copyright claim." (Hr'g Tr. 13:17-20, June 26, 2013.)

On August 13, 2013, the Court entered an Order which, among other things, granted Plaintiffs leave to "amend their most recent Complaint by adding allegations concerning the individual Defendant and/or the six works already identified in the most recent Complaint." (D.E. 17, at 2.)

---

1  Mr. Alarcón submitted a separate pre-motion letter seeking leave to file a motion to dismiss Plaintiffs' claim against him for lack of personal jurisdiction and failure to state a claim.

2  Mr. Alarcón also submitted a separate pre-motion letter in response to the Amended Complaint, seeking leave to file a motion to dismiss Plaintiffs' claim against him for lack of personal jurisdiction and failure to state a claim.

Plaintiffs filed their Second Amended Complaint on October 22, 2013. (D.E. 22.) The Second Amended Complaint added allegations concerning SBS and Mr. Alarcón, removed one of the six works that were identified in Count I of the Amended Complaint, added allegations concerning four of the works, and added nine new specifically-identified works in Count I. (*Id.* ¶¶ 5-6. 23.) The Third Amended Complaint, which Plaintiffs filed on November 18, 2013, and is the operative Complaint, removed one of the works that was identified in Count I of the Second Amended Complaint. (D.E. 24, ¶ 23.)

Despite this Court's observation at the June 26th Conference that Plaintiffs must allege the specific original works that are subject to the copyright infringement claim, Plaintiffs continue to assert Count II based on SBS's alleged infringement of unnamed and unspecified musical compositions. (*Id.* ¶¶ 26-27).

## ARGUMENT

The Federal Rules of Civil Procedure provide that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give 'fair notice of the claim asserted'" to allow defendant "to answer and prepare for trial." *Plunket v. Doyle*, No. 99 Civ. 11006 (KMW), 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). In cases involving copyright infringement, courts in the Second Circuit interpret "fair notice" as requiring a plaintiff to allege "(1) which specific original works are the subject of the copyright claim; (2) that the plaintiff owns the copyright in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright." *Id*. (citing *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992); *Lindsay v. R.M.S. Titanic*, 52 U.S.P.Q.2d 1609, 1611 (S.D.N.Y. 1999)); *see also Sharp v.*

*Patterson*, No. 03 Civ. 8772 (GEL), 2004 WL 2480426, at *12 (S.D.N.Y. Nov. 3, 2004) ("Moreover, in light of . . . the principle enshrined in Rule 8—namely, to provide defendants fair notice of the claims against them—a plaintiff suing for copyright infringement may not rest on bare-bones allegations that infringement occurred. Rather, [it] must identify the 'specific original work [that] is the subject of the claim' as well as 'by what acts' the defendant infringed the copyright." (second brackets in original) (quoting *Brought to Life Music, Inc. v. MCA Records, Inc.*, No. 02 Civ. 1164 (RWS), 2003 WL 296561, at *1 (S.D.N.Y. Feb. 11, 2003))). To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Count II fails to meet the first requirement for pleading a copyright infringement claim of identifying the specific works that are the subject of the claim. It merely alleges that "Plaintiffs are informed and believe that the Defendants have engaged in extensive infringement by broadcasting, playing and/or streaming copyrighted compositions owned and/or administered by Plaintiffs, each of which is the subject of a valid Certificate of Copyright Registration." (Third Am. Compl. ¶ 26.) No specific work is named or identified. Courts routinely dismiss such impermissibly vague allegations of copyright infringement. *See, e.g.*, *Palmer Kane LLC v. Scholastic Corp.*, No. 12 Civ. 3890, 2013 WL 709276, at *3 (S.D.N.Y. Feb 27, 2013) (dismissing complaint that "provided a list of works but indicated that this list [was] not exhaustive" on the grounds that "the complaint fail[ed] to specify which works are at issue"); *Plunket*, 2001 WL 175252, at *4.

Count II also fails to allege the acts that constitute the purported infringement. Plaintiffs' broad assertions here are similar to those in *Palmer Kane*, which, the court found,

"absent any factual support, merely state[d] a legal conclusion insufficient to withstand a motion to dismiss." *Palmer Kane*, 2013 WL 709276, at *3 (quoting *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 228 (S.D.N.Y. 2000)). "While the complaint need not specify which copyright is infringed by which act, the complaint needs to contain some factual allegations to narrow the infringing acts beyond broad conclusory statements of infringement." *Id*. (citation omitted); *see also Plunket*, 2001 WL 175252, at *5 (finding that the plaintiff's claim "lack[ed] sufficient detail as to the infringing acts alleged").

Count II of the Third Amended Complaint fails to meet the basic requirements for pleading copyright infringement. It should be dismissed.

## CONCLUSION

For the foregoing reasons, SBS respectfully requests that the Court dismiss Count II of the Third Amended Complaint with prejudice as against SBS.

Dated: New York, New York
December 31, 2013

HUGHES HUBBARD & REED LLP

By: /s/ James C. Fitzpatrick
James C. Fitzpatrick
Meaghan C. Gragg

One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
gragg@hugheshubbard.com

*Attorneys for Defendants Spanish Broadcasting System, Inc. and Raúl Alarcón, Jr.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 31, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a notice of the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF this 31st day of December, 2013 to:

| | |
|---|---|
| José Luis Torres, Esq.<br>202 Mamaroneck Avenue, Suite 101<br>White Plains, NY 10601<br>jtorres512@jtlegal.com<br>Telephone: (917) 463-4616<br>Facsimile: (917) 546-0836 | James G. Sammataro<br>200 South Biscayne Boulevard, Suite 3100<br>Miami, FL 33131-5323<br>jsammataro@stroock.com<br>Telephone: (305) 789-9388<br>Facsimile: (305) 416-2888 |

/s/ Meaghan C. Gragg