EXHIBIT - B

RADIO STATION LICENSE

AGREEMENT made this 9th day of December 1994 between Latin American Music Co., Inc., d/b/a Acemla, of 442 East 148th Street, Bronx, New York 10455 (hereinafter referred to as "ACEMLA") and Spanish Broadcasting System, Inc., a New Jersey corporation with an office at 26 West 56th Street, New York, New York 10019 ("SBS-NJ"), Spanish Broadcasting System of New York, Inc., a New York corporation ("SBS-NY") and Spanish Broadcasting System of Florida, Inc., a Florida corporation ("SBS-Fla." and collectively with SBS-NJ and SBS-NY, the "Broadcaster"):

WHEREAS, ACEMLA represents that it has the rights to license the public performance of a number of Spanish language musical compositions; and

WHEREAS, ACEMLA desires to grant a license to Broadcaster for the public performance of the music claimed by ACEMLA on the terms set forth below;

NOW, THEREFORE, in consideration of the sums paid herewith, the mutual promises and covenants contained herein, as well as other valuable consideration, the receipt and adequacy of which is hereby acknowledged, the parties hereby agree as follows.

1. **Definitions**

As they may be used in this agreement:

(a) "Radio Broadcasting" shall mean aural broadcasting in all of its forms.

(b) "Station" shall mean, and be strictly limited to, any of the following Radio Broadcasting stations: (i) that certain Radio Broadcasting station currently licensed to SBS-NJ, for Newark, New Jersey, identified by the call letters WSKQ-AM and serving the New York City metropolitan area, (ii) that certain Radio Broadcasting station currently licensed to SBS-NY, for New York, New York, identified by the call letters WSKQ-FM and serving the New York City metropolitan area, (iii) that certain Radio Broadcasting station currently licensed to SBS-Fla. for Hialeah, Florida, identified by the call letters WCMQ-FM and serving the Miami metropolitan area, (iv) that certain Radio Broadcasting station currently licensed to SBS-Fla. for Miami Springs, Florida, identified by the call letters WCMQ-AM and serving the Miami metropolitan area and (v) that certain Radio Broadcasting station currently licensed to SBS-Fla. for Key Largo, Florida, identified by the call letters WZMQ-AM and serving the South Florida area, in each such case as such station may

66847.2

000032

change the city of its license and its identifying call letters. Collectively, the Radio Broadcasting stations identified in subclauses (i) through (v) shall be referred to as the "Stations".

(c) "Term" shall mean the one-year period commencing on December 9, 1994, and ending on December 8, 1995.

2. **Scope of License**

(a) ACEMLA hereby grants to Broadcaster on the terms herein set forth a non-exclusive license to perform by Radio Broadcasting on each of the Stations licensed to such Broadcaster, non-dramatic performances of all musical works, the copyrights or rights to grant broadcasting performing licenses of which are owned or claimed to be owned by ACEMLA during the Term hereof. Upon request, ACEMLA agrees to deliver to SBS-NJ, from time to time, but not more than once in any nine month period during the Term hereof, confirmation in the form of copyright registrations and contracts demonstrating chain of title that the public performance rights of particular musical selections listed by Broadcaster are or are not owned or controlled by Lamco.

(b) The performances licensed hereunder may originate at any place whether or not such place is licensed to publicly perform the musical works licensed hereunder, and regardless of the manner, means or methods of such origination.

(c) The rights granted hereby shall not include the rights to perform more than one song or aria from an opera, operetta or musical comedy, or more than five minutes from a ballet, if such performance is accompanied by the dramatic action, costumes or scenery of that opera, operetta or musical comedy or ballet.

(d) ACEMLA shall have the right, by written notice to the applicable Broadcaster, to exclude from the grant made hereby the right to perform more than twenty minutes of a work which is an opera, operetta or musical comedy other than a score originally written for a radio program when performed as incorporated in such program.

3. **Right to Terminate**

If the Federal Communications Commission revokes or fails to renew the broadcasting license of Broadcaster for a Station, or if the governmental rules and regulations applicable to a Station are suspended or amended so as to forbid the Radio Broadcasting of commercial programs by Broadcaster from such Station (the

Station the license of which is revoked or the Radio Broadcasting therefrom is prohibited shall be referred to as the "Affected Station"), the applicable Broadcaster shall promptly notify ACEMLA in writing thereof, and within ten days of the receipt of such notice, ACEMLA shall by written notice to Broadcaster, at ACEMLA's option, either terminate the license granted hereunder as to the Affected Station, or temporarily suspend the license granted hereunder with respect to such Affected Station by notifying the applicable Broadcaster in writing of such election. If ACEMLA elects to temporarily suspend the license granted hereunder with respect to an Affected Station, such suspension shall continue for the lesser of six months or the date the license for such Station is renewed or regranted to Broadcaster or the date commercial Radio Broadcasting by Broadcaster for such Station may be resumed. If the license relating to the Affected Station has not been regranted to or renewed by the Broadcaster or if commercial Radio Broadcasting by Broadcaster from the Affected Station may not be resumed on or before the end of the sixth month following the revocation, failure to renew or prohibition of Radio Broadcasting from the Affected Station, then on the day following the end of such six month period, the license granted hereunder with respect to the Affected Station shall be terminated.

4. **Licensing Fee**

(a)  In consideration for the license being granted herein, Broadcaster agrees to pay ACEMLA for each year during the Term of this agreement fees of $6,000 per year for licenses to Radio Broadcast from the Stations (and any subsequently acquired stations) in the Newark and New York City metropolitan marketing area and $6,000 per year for the license to Radio Broadcast from the Stations (and any subsequently acquired stations) in the Miami metropolitan and South Florida areas, which areas shall be considered one marketing area which shall be referred to herein as the "Miami marketing area." Such fees shall be payable in equal monthly installments of $500 for each marketing area or $1,000 in the aggregate per month for both marketing areas. Late payments will be charged a 1.5 % fee. The monthly fee applicable to a marketing area shall only be payable if Broadcaster has Stations serving such area during the applicable month.

The license fees payable hereunder shall be payable in arrears on the last day of each month during the Term hereof.

(b)  In the event that Broadcaster shall fail to make any payment under this agreement, when and as they are due, ACEMLA may in addition to any and all other remedies which it has at law or in equity, terminate this license upon 30 days notice in writing to cure (the "Cure Notice"), and this license

shall, unless cured within such time, terminate 30 days after receipt of the Cure Notice.

### 5. Indemnification Clause

ACEMLA agrees to indemnify and hold harmless and to defend Broadcaster, advertisers on any of the Stations, advertising agencies representing advertisers on any of the Stations and any of the officers, directors or employees of any of the foregoing (the "Indemnified Party") from and against all claims, suits, actions, proceedings (formal and informal), investigations, judgments, deficiencies, damages, settlements, liabilities and legal and other expenses (including reasonable legal fees and expenses of attorneys chosen by an Indemnified Party) as and when incurred arising out of or based upon Broadcaster's exercise of its rights hereunder in accordance with the terms hereof, provided that this indemnity shall not apply to broadcasts of any musical work performed by Broadcaster after written request from ACEMLA to Broadcaster that Broadcaster refrain from performance thereof. Promptly upon learning of same, Broadcaster shall notify ACEMLA in writing of any claim asserted or threatened against any Indemnified Party on the basis of which such Indemnified Party intends to seek indemnification from ACEMLA as herein provided. ACEMLA may participate at its own expense in the defense of such action. In addition, if ACEMLA notifies the Indemnified Party in writing within a reasonable time after ACEMLA receives such notice, ACEMLA may assume the defense of such action with counsel chosen by ACEMLA and approved by the Indemnified Party, unless the Indemnified Party reasonably objects to such assumption on the ground that there may be legal defenses available to such Indemnified party which are different from or in addition to those available to ACEMLA. ACEMLA and Broadcaster shall cooperate fully with respect to any claim for which an Indemnified Party is seeking indemnification from ACEMLA as herein provided.

### 6. Non-Assignability of License

This license shall be non-assignable except to any person, firm or entity acquiring control of the Federal Communications Commission license of any Station licensed hereunder. Under such assignment, the assignor shall be relieved of all future liability under this agreement.

### 7. Applicable Law

This agreement shall be construed pursuant to the laws of the State of New York governing contracts and their validity; construction and effect shall be governed by the laws of the State of New York.

000035

8. **No Waiver of Rights**

Failure to enforce any of the rights herein established shall not be construed as a waiver of those rights.

9. **Notices**

All notices required or permitted hereunder shall be duly and properly given if in writing and received by the party to whom such notice is to be given, by United States mail, postage prepaid, addressed to said party at its address set forth on page 1 of this agreement. Notices to SBS-Fla. and SBS-NY shall be addressed to said party at SBS-NJ's address as set forth on page 1 of this agreement.

10. **Amendments or Modifications**

Any proposed changes to this contract must be delivered to the other party in writing at its main office for the transaction of business. No change will be effective unless signed and dated by a duly authorized representative of ACEMLA and Broadcaster.

11. **Entire Agreement**

This agreement constitutes the entire understanding between the parties and cannot be modified except as provided above. The invalidity or unenforceability of any part of this agreement shall not affect the validity or enforceability of the balance thereof.

12. **Duration**

The initial Term of this agreement shall be for one year commencing on December 9, 1994 and ending on December 8, 1995.

13. **Confidentiality**

Each of the parties hereto agrees that it will keep confidential and not disclose the fact or terms of this agreement to any person who is not legal counsel to or the accountants of such party or an officer, employee, or other person representing such party and necessary to the implementation of this agreement. Not withstanding the foregoing, neither party shall be obliged to maintain the confidentiality of the terms of this agreement and may disclose the terms hereof (i) which become available on a non-confidential basis from a source other than one of the parties hereto; (ii) to any regulatory body having jurisdiction over either of the parties hereto or otherwise as required by law; (iii) in any litigation or other legal proceeding at law, equity or in

000036

bankruptcy to which either of the parties hereto are parties; or (iv) the disclosure of which is consented to in writing in advance by the other party hereto.

IN WITNESS WHEREOF, this agreement has been duly executed by ACEMLA and Broadcaster this 9th day of December, 1994.

LATIN AMERICAN MUSIC CO., INC.

By: _____
L. Raul Bernard
President

JEFFREY E. JACOBSON
Notary Public, State of NY
No. 02-4874792
Qualified in Nassau County
Commission Expires
August 31, 1996

BROADCASTER

SPANISH BROADCASTING SYSTEM, INC.
SPANISH BROADCASTING SYSTEM OF
 NEW YORK, INC.
SPANISH BROADCASTING SYSTEM OF
 FLORIDA, INC.

By: _____
Raul Alarcon, Jr.
President



**SPANISH BROADCASTING SYSTEM, INC.**

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 6/17/88 | Music Licensing Fees<br>Vendor #<br>Invoice # | $ 1,500.00 |

DETACH AND RETAIN THIS STATEMENT
THE ATTACHED CHECK IS IN PAYMENT OF ITEMS DESCRIBED BELOW.
IF NOT CORRECT PLEASE NOTIFY US PROMPTLY. NO RECEIPT DESIRED.

DELUXE - FORM DVO-4  V-2