UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LATIN AMERICAN MUSIC COMPANY, INC., *a/k/a* LAMCO, ASOCIACION DE COMPOSITORES Y EDITORES DE MUSICA LATINOAMERICANA *a/k/a* ACEMLA,<br><br>      Plaintiffs,<br><br>v.<br><br>SPANISH BROADCASTING SYSTEM, INC., RAÚL ALARCÓN, JR.,<br><br>      Defendants. | Civil Action No. 13 CV 1526-RJS |

## RAÚL ALARCÓN, JR.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS THIRD AMENDED COMPLAINT

**STROOCK & STROOCK & LAVAN LLP**
James G. Sammataro, Esq.
New York Bar. No. 822678
Southeast Financial Center
200 South Biscayne Blvd., Suite 3100
Miami, Florida 33131
Telephone: (305) 358-9900
*Attorneys for defendants Spanish Broadcasting System, Inc. and Raúl Alarcón*

## **TABLE OF CONTENTS**

                                                                                                **Page**

TABLE OF AUTHORITIES .................................................................................................. ii

    I.      PRELIMINARY STATEMENT................................................................................1

    II.     MEMORANDUM OF LAW ....................................................................................2

          A.      Plaintiffs Have Failed to Satisfy Their Burden by Alleging Specific Facts That Establish a "Prima Facie Showing" of Personal Jurisdiction. .........................2

              1.      The Declarations of Raul Bernard and José G. Rivera Do Not Support the Exercise of Personal Jurisdiction Over Mr. Alarcón. .....................3

              2.      Mr. Alarcón is Not Subject to General Jurisdiction. .............................4

              3.      Plaintiffs Fails to Allege Any Facts Capable to Support the Exercise of Specific Personal Jurisdiction over Mr. Alarcón under CPLR § 302(a)(1). ..............................................................................................5

              4.      Traditional Notions of Fair Play and Substantial Justice Prevent Mr. Alarcón from Being Sued in New York. ...............................................6

          B.      Plaintiffs Are Not Entitled to Jurisdictional Discovery from Mr. Alarcón..............7

          C.      Counts I and II Must Be Dismissed Because Plaintiffs Fail to Allege How Mr. Alarcón Infringed the Plaintiffs' Works. .........................................................8

    III.    CONCLUSION........................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

CASES

*(888) Justice, Inc. v. Just Enters., Inc.*,
   2007 WL 2398504 (S.D.N.Y. Aug. 22, 2007) (Daniels, J.) ...................................................1

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
   305 F.3d 120 (2d Cir. 2002) ......................................................................................................3

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007) ......................................................................................................7

*Big Apple Pyrotechnics & Multimedia, Inc. v. Sparktacular, Inc.*,
   2007 WL 747807 (S.D.N.Y. Mar. 9, 2007) (Wood, J.) ..............................................................5

*Brought to Life Music, Inc. v. MCA Records, Inc.*,
   2003 WL 296561 (S.D.N.Y. Feb. 11, 2003) (Sweet, J.) ........................................................8, 9

*Cable News Network, L.P., L.L.L.P. v. GOSMS.com, Inc.*,
   2000 WL 1678039 (S.D.N.Y. Nov. 6, 2000) (McKenna, J.) .....................................................9

*Calloway v. The Marvel Entertainment Group*,
   1983 WL 1152 (S.D.N.Y. Dec. 23, 1983) (Sweet, J.) .............................................................10

*Carell v. The Shubert Org., Inc.*,
   104 F.Supp.2d 236 (S.D.N.Y.2000) (Schwartz, J.) ...................................................................9

*Duravest, Inc. v. Viscardi, A.G.*,
   581 F.Supp.2d 628 (S.D.N.Y. 2008) (Rakoff, J.) ......................................................................4

*First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*,
   218 F. Supp. 2d 369 (S.D.N.Y. 2002) (Kaplan, J.) ....................................................................5

*Fort Knox Music, Inc. v. Baptiste*,
   203 F.3d 193 (2d Cir. 2000) ......................................................................................................2

*In re Teligent, Inc. v. Banda 26, S.A.*,
   2004 WL 724945 (Bankr., S.D.N.Y. Mar. 30, 2004) (Bernstein, J.) .........................................2

*In re Terrorist Attacks on September 11, 2001*,
   714 F.3d 659 (2d. Cir. 2013) .....................................................................................................6

*Indem. Ins. Co. of N. Am. v. K-Line Am., Inc.*,
   2007 WL 1732435 (S.D.N.Y. Jun. 14, 2007) (Jones, J.) ...........................................................1

*Jazini v. Nissan Motor Co.*,
   148 F.3d 181 (2d Cir. 1998) ..................................................................................................3, 7

*Landoil Resources Corp. v. Alexander & Alexander Servs.,*
   565 N.E.2d 488, 77 N.Y.2d 28 (N.Y. 1990) ...........................................................................6

*Langenberg v. Sofair,*
   2006 WL 2628348 (S.D.N.Y. Sept. 11, 2006) (Karas, J.) ......................................................7

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.,*
   84 F.3d 560 (2d Cir. 1996) .....................................................................................................3

*Norvel Ltd. v. Ulstein Propeller AS,*
   161 F.Supp.2d 190 (S.D.N.Y. 2001) (Preska, J.) ...................................................................7

*World–Wide Volkswagen Corp. v. Woodson,*
   444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) ............................................................7

**STATUTES**

CPLR 301 ..........................................................................................................................................5

CPLR § 301 .......................................................................................................................................5

CPLR § 302(a)(1) ..........................................................................................................................5, 6

**OTHER AUTHORITIES**

Fourteenth Amendment ....................................................................................................................6

Defendant, Raúl Alarcón ("Mr. Alarcón") hereby files this reply memorandum in support of his Motion to Dismiss the Third Amended Complaint ("TAC") [D.E. 31] ("Motion") and in response to the Opposition Memorandum ("Opposition") [D.E. 36] submitted on behalf of the plaintiffs Latin American Music Company, Inc. ("LAMCO") and Asociacion de Compositores y Editores de Musica Latinoamericana ("ACEMLA") (collectively "Plaintiffs").

## I.   PRELIMINARY STATEMENT

*"[D]iscovery need not be granted to allow plaintiff to engage in an unfounded fishing expedition for jurisdictional basis."*[1]

Plaintiffs' Opposition can be distilled into two principal points. First, Plaintiffs – despite having already had *four* attempts to plead a jurisdictional basis – once again request leave to conduct jurisdictional discovery from Mr. Alarcón – the President, Chief Executive Officer and Chairman of defendant Spanish Broadcasting System, Inc. ("SBS"). In support of this request, Plaintiffs rely upon the Declaration of Raul Bernard [D.E. 37] and point to alleged misrepresentations contained in Mr. Alarcón's Declaration [D.E. 32].[2] Yet, a close read of the Plaintiffs' papers reveal just how thin of a reed on which Plaintiffs hang their assertion that they have made a *prima facie* showing of jurisdiction. Specifically, Plaintiffs cite to: (i) Mr. Alarcón's sale of the Property *nearly a decade ago*, (ii) licensing agreements that Mr. Alarcón signed on SBS's behalf in his corporate capacity *close to twenty years ago*, and (iii) Mr. Alarcón's CEO

---

[1] *(888) Justice, Inc. v. Just Enters., Inc.*, 2007 WL 2398504, at *8, n.4 (S.D.N.Y. Aug. 22, 2007) (Daniels, J.) ("[h]aving found Plaintiffs' contentions of the … defendants' business contacts with New York to be without basis, the Court finds no reason to grant jurisdictional discovery.") (citation omitted); *see Indem. Ins. Co. of N. Am. v. K-Line Am., Inc.*, 2007 WL 1732435, at *7 (S.D.N.Y. Jun. 14, 2007) (Jones, J.) ("The Court will not permit [plaintiff] to engage 'in a fishing expedition when little more exists than [its] bare assertions that jurisdiction is proper.'" ) (citation omitted).

[2] The Alarcón Declaration regrettably overlooked that Mr. Alarcón sold a New York apartment *in 2004* ("Property"). In that the Property has no bearing on the alleged infringement or the assertion of jurisdiction, this overlooked fact does not alter the analysis.

titles with respect to three SBS subsidiaries, which were incorporated in New York in the late 1980's/early 1990's, and all of which *have their principal places of business in Florida*. Plaintiffs allege no other jurisdictional facts that, even if capable of substantiation, support the exercise of general or specific jurisdiction over Mr. Alarcón.[3] Consequently, as it has *already* done once before, this Court should deny Plaintiffs' request to pursue a "fishing expedition" [D.E. 17], reject Plaintiffs' attempt to needlessly amplify the scope of this proceeding, and grant Mr. Alarcón's Motion.

Second, Plaintiffs contend that they have sufficiently alleged a claim for "contributory" copyright infringement. Yet, in making this argument, Plaintiffs need for the Court to ignore the TAC's actual allegations (which attempt to plead a claim for direct infringement, and instead accept the new, conclusory assertions of "contributory infringement" improperly set forth for the *first time* in the Opposition. Having ignored this Court's prior pleading directives, Plaintiffs should be denied the opportunity to file what promises to be a *fourth* inadequate amendment.

## II.     MEMORANDUM OF LAW

### A.     Plaintiffs Have Failed to Satisfy Their Burden by Alleging Specific Facts That Establish a *"Prima Facie* Showing" of Personal Jurisdiction.

Plaintiffs' Opposition correctly acknowledges the two-step analytical framework for determining jurisdiction of New York courts over a non-resident defendant: (1) whether the assertion of personal jurisdiction is permitted under New York's long-arm statute, New York Civil Practice Law and Rules ("CPLR") § 302, and (2) whether there are sufficient minimum contacts with New York to satisfy federal due process standards. *See Fort Knox Music, Inc. v.*

---

[3] *See In re Teligent, Inc. v. Banda 26, S.A.*, 2004 WL 724945, *6 (Bankr., S.D.N.Y. Mar. 30, 2004) (Bernstein, J.) (Although genuine issues of jurisdictional fact may be adequate to support a request for jurisdictional discovery, "[a]s a rule, a plaintiff is not entitled to jurisdictional discovery to enable her to bolster an inadequate pleading if the defendant merely challenges the legal sufficiency of the jurisdictional allegations in the complaint, and does not place the factual basis for personal jurisdiction in issue.").

*Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002). The Opposition further acknowledges that Plaintiffs bear the burden of making a *"prima facie* showing" of jurisdiction by pleading legally sufficient factual allegations that support the exercise of personal jurisdiction. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996); *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998)). Plaintiffs fail, however, to satisfy either prong of the two-part test. Like the TAC, the Opposition and its "supporting" declarations are devoid of factual allegations that demonstrate that Mr. Alarcón lies within the reach of New York's long-arm statute, or that exercising jurisdiction over him comports with the requirements of due process.

1. **The Declarations of Raul Bernard and José G. Rivera Do Not Support the Exercise of Personal Jurisdiction Over Mr. Alarcón**.

In support of their Opposition, Plaintiffs reply upon the Declarations of Raul Bernard ("Bernard Decl.") and José G. Rivera ("Rivera Decl.") (collectively, "Declarations"). [D.E. 37, 38]. Plaintiffs contend that these Declarations contradict the "misleading" sworn statements contained in Mr. Alarcón's previously submitted Declaration [D.E. 32] and "demonstrate continuing activity by [Mr. Alarcón] in New York State well after 1996, and, indeed through 2009, with at least three still-active New York corporations listing Mr. Alarcón as the Chief Executive Officer." [*See* D.E. 36, p. 5]. Yet, in truth, the Declarations do not contradict the Alarcón Declaration, and consist of nothing more than irrelevant, historical activities designed to divert the Court's attention from Mr. Alarcón's lack of any recent, meaningful contacts with the State of New York. In fact, the only evidence that Plaintiffs marshal in support of their assertion that the exercise of personal jurisdiction over Mr. Alarcón is proper is that:

- Mr. Alarcón satisfied a mortgage on an unrelated Property in 2009 – which, in truth, was sold in *2004* (*see* the 2004 recorded deed, attached to the supporting Declaration of James Sammataro);

- In addition to being the CEO of SBS, Mr. Alarcón is also the CEO of three SBS subsidiaries which, though New York corporations, *have their principal places of business in Florida* [*see* D.E. 38, Ex. B]

- Mr. Alarcón drafted correspondence on a letter bearing a New York address to ACEMLA in *1988* [*see* D.E. 37, Ex. A].

- Mr. Alarcón executed a license agreement with ACEMLA in *1994* [*id.* at Ex. B].

Construing these factual allegations in the light most favorable to Plaintiffs reveals that, at best, Mr. Alarcón had some dealings with Plaintiffs that may have occurred in New York *eighteen years* before the first alleged infringement at issue, and that Mr. Alarcón sold the Property – which is not alleged to have been his principal residence and which is entirely unrelated to this action – approximately a decade ago.[4] These new allegations do not give rise to general or specific jurisdiction; do not satisfy traditional notions of fair play and substantial justice and do not warrant jurisdictional discovery.

2. **Mr. Alarcón is Not Subject to General Jurisdiction**.

The New York activities described in the Declarations are neither substantial nor extensive enough to subject Mr. Alarcón to general jurisdiction, as they do not rise to the level of "continuous and systematic" contacts. The sale of the Property in 2004 and satisfaction of a related mortgage in 2009 do not come even remotely close to satisfying the demanding standard for general jurisdiction. [*See* D.E. 31, pp. 7-8 (cases cited therein)]. Moreover, it is indisputable that Mr. Alarcón had no dealings with the Property at the time the Complaint was filed in *March of 2013*. *See Duravest, Inc. v. Viscardi, A.G.,* 581 F.Supp.2d 628, 638 (S.D.N.Y. 2008) (Rakoff,

---

[4] Notably, the Declarations do not dispute that Mr. Alarcon: works and resides in Miami, Florida; has not been a citizen or resident of the State of New York since 1996; does not hold any bank accounts in the New York; does not currently own any real or personal property in New York, does not hold any liens or mortgages on personal property or real property within the State of New York; is not obligated to pay income, sales, property, intangibles or any other tax to the State of New York; does not have any telephone listings or mailing addresses in New York; and does not have a New York driver's license. (*See* D.E. 32 at ¶¶ 5-11).

J.) ("In assessing whether a defendants' contacts with New York are sufficient to establish general jurisdiction, the relevant question is whether the defendant was present in New York at the time the complaint was filed.") (citation omitted).[5]

Further, any activities that Mr. Alarcón may have engaged in New York in his capacity as the CEO of SBS of Greater New York, Inc., Alarcón Holdings, Inc. and/or SBS Promotions, Inc. (which are not alleged in the TAC), cannot subject Mr. Alarcón to general jurisdiction. *See, e.g., Big Apple Pyrotechnics & Multimedia, Inc. v. Sparktacular, Inc.*, 2007 WL 747807, at *4, 6 (S.D.N.Y. Mar. 9, 2007) (Wood, J.) ("a corporate officer cannot be subject to general jurisdiction under CPLR § 301 for his New York activities on behalf of a corporation," and finding no general jurisdiction over individual defendants who were not alleged to have done any business in New York, "except in their capacities as corporate officers") (citing *Brinkmann v. Adrian Carriers, Inc.*, 815 N.Y.S.2d 196, 199 (N.Y. App. Div. 2006) ("An individual cannot be subject to jurisdiction under CPLR 301 unless he is doing business in New York as an individual rather than on behalf of a corporation.") (citation omitted).

Similarly, Mr. Alarcón's decades-old dealings with the Plaintiffs in his capacity as the corporate officer of SBS is incapable of demonstrating that Mr. Alarcón has engaged in any recent forum-related activities that could fairly be characterized as "continuous" or "systematic."

### 3. Plaintiffs Fails to Allege Any Facts Capable to Support the Exercise of Specific Personal Jurisdiction over Mr. Alarcón under CPLR § 302(a)(1).

Plaintiffs concede that CPLR § 302(a)(1)[6] requires them to proffer facts sufficient to establish that Mr. Alarcón transacted business in the State of New York, and that their cause of

---

[5] Even if Mr. Alarcón still owned the Property, this fact does not give rise to general jurisdiction. *See, e.g., First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F. Supp. 2d 369, 392-93 (S.D.N.Y. 2002) (Kaplan, J.) (finding no showing of "continuous" or "systematic" activity despite allegations that individual defendant owned real estate in New York; "her ownership and sale of one piece of New York real estate does not constitute 'business,' and plaintiffs do not even allege that she ever took up residence in the apartment").

action arises from that transaction of business. [*See* D.E. 31, pp. 9-10; D.E. 36 at p. 2]. Plaintiffs, nonetheless, fail to articulate any factual nexus between Mr. Alarcón's New York activities and the alleged copyright infringement at issue. Neither the Opposition nor the supporting Declarations allege that Mr. Alarcón personally (i) procured, selected, played or broadcast any of the musical works at issue ("Works"); (ii) was an active participant in the purported infringement or (iii) had any role in, or knowledge of, the purported infringement.

Plaintiffs' inability to plead any factual nexus between Mr. Alarcón's alleged New York activities and the alleged copyright infringement demonstrates that Mr. Alarcón falls outside of the ambit of CPLR § 302(a)(1) and is, therefore, not subject to specific jurisdiction.

### 4. Traditional Notions of Fair Play and Substantial Justice Prevent Mr. Alarcón from Being Sued in New York.

Even if Plaintiffs were capable of alleging facts demonstrating that Mr. Alarcón falls within the ambit of New York's long-arm statute (which they cannot), Plaintiffs fail to rebut the assertion that the exercise of personal jurisdiction over Mr. Alarcón offends traditional notions of "fair play and substantial justice." This failing is not an accident. Mr. Alarcón's New York activities are too dated, too sporadic and too attenuated to satisfy the Due Process Clause of the Fourteenth Amendment.[7] Moreover, the State of New York has no special interest in this matter – a reality underscored by the fact that eleven of the thirteen specifically identified infringement occurred *outside* of New York. (*See* TAC, ¶ 23).

---

[6] CPLR § 302(a)(1) is the only section of the long-arm statute on which Plaintiffs rely in their Opposition.

[7] [*See* D.E. 31 at pp. 12-13]. *See also In re Terrorist Attacks on September 11, 2001,* 714 F.3d 659, 674 (2d. Cir. 2013) ("[S]tringent minimum contacts test requir[es] the plaintiff to demonstrate the defendant's 'continuous and systematic general business contacts' with the forum at the time the initial complaint was filed."); *Landoil Resources Corp. v. Alexander & Alexander Servs.,* 565 N.E.2d 488, 77 N.Y.2d 28, 33 (N.Y. 1990) (non-resident must maintain contact with New York "'not occasionally or casually, but with a fair measure of permanence and continuity.'") (citations omitted).

B.  **Plaintiffs Are Not Entitled to Jurisdictional Discovery from Mr. Alarcón.**

In anticipation that this Court will find (as it must) that it lacks personal jurisdiction over Mr. Alarcón, Plaintiffs ask the Court for leave to conduct jurisdictional discovery. [D.E. 36 at pp. 5, 11]. In doing so, Plaintiffs conveniently ignore a long line of precedent holding that where, as here, a plaintiff has failed to make a *prima facie* showing of personal jurisdiction, jurisdictional discovery must be denied. *See, e.g., Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007) (affirming denial of jurisdictional discovery where plaintiff had failed to demonstrate a *prima facie* case supporting jurisdiction); *Jazini*, 148 F.3d at 186 (no error in denying jurisdictional discovery where plaintiff fails to establish *prima facie* case of jurisdiction); *Langenberg v. Sofair*, 2006 WL 2628348, at *6-7 (S.D.N.Y. Sept. 11, 2006) (Karas, J.) ("[W]here the plaintiff has failed to make out a *prima facie* case, courts have displayed an unwillingness to grant additional discovery on jurisdictional issues.") (collecting cases); *Norvel Ltd. v. Ulstein Propeller AS*, 161 F.Supp.2d 190, 208 (S.D.N.Y. 2001) (Preska, J.) (denying discovery when no *prima facie* showing was made because "it would be inappropriate to subject defendants to the burden and expense of discovery (which likely would result in a fishing expedition)").

Plaintiffs have been afforded four opportunities to allege a *prima facie* case of personal jurisdiction. They have failed on all four instances. Moreover, their most recent attempt fails to point to any facts,[8] which even if substantiated, would give rise to personal jurisdiction over Mr.

---

[8] The Opposition states that the activities discussed in the Declarations "may just be the tip of the iceberg with respect to Mr. Alarcón's activities in New York state – a state wherein several of his company's radio stations operate and from which, upon information and belief, both he and his company derive substantial income." [D.E. 36 at p. 3]. There is no reason to believe, however, that discovery on these matters would reveal "individual" or "personal" business contacts (as opposed to corporate contacts) between Mr. Alarcón and New York sufficient to establish general or specific personal jurisdiction. *See, e.g., World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) ("[F]inancial benefits accruing to the

Alarcón. Given this backdrop, the Court should not subject Mr. Alarcón to further expense, and should stand by its earlier denial of Plaintiffs' request for jurisdictional discovery. [D.E. 17].

### C.  Counts I and II Must Be Dismissed Because Plaintiffs Fail to Allege How Mr. Alarcón Infringed the Plaintiffs' Works.

Plaintiffs raise *no opposition* to the argument that Counts I and II of the TAC fail to state a claim for direct copyright infringement as to Mr. Alarcón by failing to plead how or "by what acts" Mr. Alarcón allegedly infringed their Works. [*See* D.E. 31, pp. 19-20]. Instead, the Opposition (now) claims that the TAC states a claim of *contributory* infringement. [*See* D.E., p. 7, citing *Gershwin Publishing Corp. v. Columbia Artists Man., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)]. This argument fails for two unassailable reasons. First, as evident from even a cursory read of the TAC, Plaintiffs attempt to plead a claim for "direct" copyright infringement, not "contributory" copyright infringement. None of the elements for contributory copyright are alleged. *See Brought to Life Music, Inc. v. MCA Records, Inc.*, 2003 WL 296561, at *3 (S.D.N.Y. Feb. 11, 2003) (Sweet, J.) (complaint failed to allege a claim for contributory copyright infringement where "allegation by [plaintiff] of contributory infringement is made in plaintiff's opposition, not in the complaint," and "more specific allegations contained in an opposing brief cannot be used to supplement otherwise [inadequate] allegations in a complaint") (citation omitted).

Second, even if the Court were to consider the improper, supplementary allegations in Plaintiffs' Opposition, these allegations still fail to plead a claim for contributory copyright infringement. "To establish a claim for contributory copyright infringement, a plaintiff must allege that the defendant 'with knowledge of the infringing activity, induced, caused, or materially contributed to the infringing conduct of another.'" *Brought to Life Music*, 2003 WL

---

defendant from a collateral relation to the forum State will not support jurisdiction if they do not stem from a constitutionally cognizable contact with that State.").

296561, at *2 (quoting *Gershwin Publ'g Corp.*, 443 F.2d 1159, 1162 (2d Cir.1971)). "A plaintiff must allege that the defendant knew of, and substantially participated in, the alleged direct infringement, for a claim of contributory infringement to stand." *Id.* "In addition to the requirement of substantial participation, knowledge of the infringing activity is also critical to sustaining a claim for contributory infringement." *Id.* "[A]uthorization or assistance must bear a direct relationship to the infringing acts, and the contributory infringer must have acted in concert with the direct infringer." *Id.* (quoting *Livnat v. Lavi*, 1998 WL 43221, *3 (S.D.N.Y. Feb. 2, 1998) (Sweet, J.)).

There is no allegation – either in the TAC or in the Opposition – that Mr. Alarcón had actual or constructive knowledge of the alleged infringement. (*Compare* TAC, at ¶¶ 5-6, 16 *with* Bernard Decl., at ¶ 11; *see also* D.E. 36 at p. 7, alleging only that Mr. Alarcón is a high-ranking officer and, therefore, purportedly "directs, controls and ratifies the actions of SBS and, as such, has supervised and controlled the infringing activity"). There are similarly no allegations that Mr. Alarcón participated, let alone substantially participated, in the infringement, or acted in concert with the direct infringer. Further, Plaintiffs fail to allege that Mr. Alarcón either personally approved the decisions to broadcast the alleged Works, or was aware of SBS's alleged broadcasts. Notably, these are the exact allegations that this Court previously advised Plaintiffs were necessary. It should "not [be] a hard thing to do" for Plaintiffs to "make allegations that [Mr. Alarcón] in fact is the one who had communications with the relevant parties and did so in New York" and "understood that there were stations in New York and that they would be planning on [infringing Plaintiffs' works]." (*See* Tr. of June 26, 2009 Hr'g, pp. 2-3).[9]

---

[9] *See, e.g., Carell v. The Shubert Org., Inc.*, 104 F.Supp.2d 236, 271 (S.D.N.Y.2000) (Schwartz, J.) (granting motion to dismiss claim of contributory infringement where plaintiff failed to allege authorization or participation that would indicate contributory infringement); *Cable News*

After three failed efforts to amend the Complaint, as well as an improper attempt to plead a new claim through its Opposition and Declarations, Plaintiffs have failed to plead sufficient factual allegations sufficient to state claims for either "direct" or "contributory" infringement against Mr. Alarcón. Accordingly, Counts I and II[10] of the TAC must be dismissed with prejudice as they relate to Mr. Alarcón.

### III.  CONCLUSION

For these reasons, as well as those raised in Mr. Alarcón's and SBS's Motion to Dismiss, Mr. Alarcón respectfully requests that the TAC be dismissed in its entirety, with prejudice, as it relates to him individually for lack of personal jurisdiction and for failure to state a cognizable copyright infringement claim in Counts I and II.

---

*Network, L.P., L.L.I.P. v. GOSMS.com, Inc.,* 2000 WL 1678039, at *6 (S.D.N.Y. Nov. 6, 2000) (McKenna, J.) (motion to dismiss claim of contributory infringement granted where "[w]ithout allegations of acts of infringement, supervision or control over the direct infringers, or contribution to the infringement, … plaintiffs' allegations are insufficient to plead either direct copyright or trademark infringement or either contributory infringement or vicarious liability"); *Calloway v. The Marvel Entertainment Group,* 1983 WL 1152, at *2 (S.D.N.Y. Dec. 23, 1983) (Sweet, J.) (motion to dismiss claim of contributory infringement granted where plaintiff failed to allege that defendant participated in the dissemination of the work or induced or materially contributed to the infringement).

[10] Mr. Alarcón incorporates by reference his prior argument that Count II remains legally deficient to the extent that this count seeks relief for any musical works other than those specifically identified in ¶ 23 of the TAC.

Dated: January 21, 2014

        Respectfully submitted,

**STROOCK & STROOCK & LAVAN LLP**
Southeast Financial Center
200 South Biscayne Blvd., Suite 3100
Miami, Florida 33131
Telephone: (305) 358-9900
Facsimile: (305) 416-2888
jsammataro@stroock.com


By: */James G. Sammataro*
      James G. Sammataro, Esq.


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 21, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a notice of the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF this 21st day of January, 2014 to:

| | |
|---|---|
| José Luis Torres, Esq.<br>202 Mamaroneck Avenue, Suite 101<br>White Plains, NY 10601<br>jtorres512@jtlegal.com<br>Telephone: (917) 463-4616<br>Facsimile: (917) 546-0836 | James C. Fitzpatrick, Esq.<br>Meaghan C. Gragg, Esq.<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, New York 10004-1482<br>Telephone: (212) 837-6000<br>Facsimile: (212) 422-4726<br>Email: fitzpat@hugheshubbard.com<br>Email: gragg@hugheshubbard.com |

    *s/ James G. Sammataro*