**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LATIN AMERICAN MUSIC COMPANY, INC., a/k/a LAMCO, and ASOCIACIÓN DE COMPOSITORES Y EDITORES DE MUSICA LATINOAMERICANA a/k/a ACEMLA, <br>                            Plaintiffs, <br><br> vs. <br><br> SPANISH BROADCASTING SYSTEM, INC. AND RAÚL ALARCÓN, JR., <br>                               Defendants. | Civil Action No.  13 CV 1526-RJS <br><br> **ORAL ARGUMENT REQUESTED** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPANISH BROADCASTING SYSTEM, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

James C. Fitzpatrick
Meaghan C. Gragg
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
212-837-6000

*Attorneys for Defendant Spanish Broadcasting System, Inc.*

James G. Sammataro
STROOCK & STROOCK & LAVAN, LLP
Southeast Financial Center
200 South Biscayne Blvd. Suite 3100
Miami, Florida 33131
305-358-9900

*Attorneys for Defendant Spanish Broadcasting System, Inc.*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ......................................................................................................3

I.      PARTIES .............................................................................................................3

      A.      Latin American Music Co. and ACEMLA de Puerto Rico Inc. .............................3

      B.      Spanish Broadcasting System, Inc. ........................................................3

II.     SBS'S LICENSES FROM BMI AND ASCAP ......................................................3

III.    THE ALLEGED INFRINGEMENTS .....................................................................4

IV.    BMI LICENSES SIX OF THE SONGS THROUGH ITS AFFILIATION
       AGREEMENTS WITH THE PUBLISHER AND WRITERS OF THE BMI
       SONGS ...............................................................................................5

      A.      BMI's Affiliation with Fania Music ..........................................................5

      B.      *Soy Sensacional* by Larry Harlow Kahn and Jenaro Alvarez, Jr. is in the
            BMI Repertoire ...............................................................................7

      C.      *Aguanile*, *Ausencia*, and *Abuelita* by Willie Colon and Hector Perez
            "Lavoe" are in the BMI Repertoire .......................................................8

      D.      *Arroz Con Bacalao* by Johnny Alvarez is in the BMI Repertoire .....................10

      E.      *La Malanga* a/k/a *Malanga Brava* by James Sabater is in the BMI
            Repertoire .....................................................................................11

V.     ASCAP LICENSES TWO OF THE SONGS THROUGH ITS MEMBERSHIP
       AGREEMENTS WITH THE PUBLISHERS OF THE ASCAP SONGS ....................12

      A.      ASCAP's Membership Agreements with Cartagena and Spirit Two ..................12

      B.      *Aniversario* by Tommy Sanchez is in the ASCAP Repertoire ........................13

      C.      *Toro Mata* by Pedro Carlos ("Caito") de la Colina is in the ASCAP
            Repertoire .....................................................................................14

ARGUMENT ....................................................................................................14

VI.   SBS'S BMI AND ASCAP LICENSES PRESENT A COMPLETE DEFENSE TO
      THE INFRINGEMENT CLAIMS CONCERNING THE BMI AND ASCAP
      SONGS. ........................................................................................................15

      A.   *Soy Sensacional* ..............................................................................16

      B.   *Aguanile*, *Ausencia*, and *Abuelita* ........................................................17

      C.   *Arroz Con Bacalao* ..........................................................................17

      D.   *La Malanga* a/k/a *Malanga Brava* ......................................................18

      E.   *Aniversario* ......................................................................................19

      F.   *Toro Mata* ........................................................................................19

VII.  EVEN IF SBS'S BMI AND ASCAP LICENSES WERE NOT A COMPLETE
      DEFENSE TO THE INFRINGEMENT CLAIMS CONCERNING THE BMI
      AND ASCAP SONGS, SBS WOULD ONLY BE AN "INNOCENT
      INFRINGER" UNDER THE COPYRIGHT ACT. ........................................................20

CONCLUSION...................................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ACEMLA v. Copyright Royalty Tribunal*, 851 F.2d 39 (2d Cir. 1988)..........................................3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)..................................................15

*Associated Press v. Meltwater U.S. Holdings, Inc.*
   931 F. Supp. 2d 537 (S.D.N.Y. 2013)...................................................15, 17, 18, 19

*Banff Ltd. v. Express, Inc.*, 921 F. Supp. 1065 (S.D.N.Y. 1995)....................................22

*Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236 (S.D.N.Y. 2000)...............................15

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ..........................................................15

*Donna v. Dodd, Mead & Co.*, 374 F. Supp. 429 (S.D.N.Y. 1974) ...............................16

*Edward B. Marks Music Corp. v. Jerry Vogel Music Co.*, 140 F.2d 266 (2d Cir. 1944) .............16

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) ...................................15

*Geshwind v. Garrick*, 734 F. Supp. 644 (S.D.N.Y. 1990), *aff'd mem.*, 927 F.2d 594 (2d
   Cir. 1991) ...........................................................................................16

*Graham v. James*, 144 F.3d 229 (2d Cir. 1998) ........................................................15

*Jobete Music Co. v. Johnson Commc'ns, Inc.*, 285 F. Supp. 2d 1077
   (S.D. Ohio 2003).......................................................................................20

*Jorgensen v. Epic/Sony Records*, 351 F.3d 46 (2d Cir. 2003) .......................................15

*Kelly v. L.L. Cool J.*, 145 F.R.D. 32 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994),
   *cert. denied*, 513 U.S. 130 (1994).........................................................................15

*Latin American Music Co. v. Archdiocese of San Juan*, 194 F. Supp. 2d 30 (D.P.R. 2001),
   *aff'd in part and rev'd in part*, 499 F.3d 32 (1st Cir. 2007), *aff'd following trial sub
   nom. Latin American Music Co. v. ASCAP*, 593 F.3d 95 (1st Cir. 2010)................................1

*Latin American Music Co. v. Cardenas, Fernandez & Assocs.*, No. 02–2104, 2003 WL
   1825657 (1st Cir. April 8, 2003)........................................................................1

*Latin American Music Co. v. Media Power Group, Inc.*, 705 F.3d 34 (1st Cir. 2013) ..................1

*Latin American Music Co. v. Media Power Group, Inc.*, No. 07-2254, 2010 WL 6420575
   (D.P.R. Sept. 10, 2010)...............................................................................16

iii

*Lottie Joplin Thomas Trust v. Crown Publishers, Inc.*, 592 F.2d 651 (2d Cir. 1978) ..................22

*On Davis v. The Gap, Inc.*, 246 F.3d 152 (2d Cir. 2001)................................................................22

*Palmer Kane LLC v. Scholastic Corp.*, No. 12-CV-3890, 2013 WL 709276 (S.D.N.Y. Feb. 27, 2013) (Griesa, J.)........................................................................................................15

*Richmond v. Weiner*, 353 F.2d 41 (9th Cir. 1965), *cert denied*, 384 U.S. 928 (1966) .................16

*Strauss v. The Hearst Corp.*, No. 85 Civ. 10017, 1988 WL 18932 (S.D.N.Y. Feb. 18, 1988) ...............................................................................................................................16

*Warner Bros. v. Dae Rim Trading, Inc.*, 677 F. Supp. 740 (S.D.N.Y. 1988).............................22

## STATUTES AND RULES

17 U.S.C. § 101 ...............................................................................................................................16

17 U.S.C. § 106(4) .............................................................................................................................3

17 U.S.C. § 201(a) ...........................................................................................................................16

17 U.S.C. § 504(c)(2).........................................................................................................2, 20, 21, 22

Fed. R. Civ. P. 56 ..............................................................................................................................1

Fed. R. Civ. P. 56(a) ........................................................................................................................14

Loc. Civ. R. 56.1 ...............................................................................................................................3

## LEGISLATIVE AND ADMINISTRATIVE MATERIALS

Notes of Committee on the Judiciary, House Report No. 94-1476 (1976 Acts) ...........................21

## OTHER AUTHORITIES

Melville B. Nimmer, Nimmer on Copyright § 6.10[1] (1995) ......................................................16

Melville B. Nimmer, Nimmer on Copyright § 8.19[A][2] (1995).................................................3

Melville B. Nimmer, Nimmer on Copyright § 13.04[4] (1995) ...................................................15

Defendant Spanish Broadcasting System, Inc. ("SBS") respectfully submits this memorandum of law in support of its motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, as well as this Court's October 13, 2014 Order.[1]

## PRELIMINARY STATEMENT

This case is the most recent lawsuit filed by Latin American Music Co. ("LAMCO") and ACEMLA de Puerto Rico Inc. ("ACEMLA") alleging copyright infringement against radio stations that broadcast primarily Spanish language music.[2] Indeed, in an extensive fifteen-year litigation involving LAMCO and ACEMLA and the owners of several Puerto Rican radio stations, the trial court and panels of the First Circuit Court of Appeals repeatedly rejected LAMCO and ACEMLA's claims in light of ASCAP's and BMI's right to license the works at issue.

Here, LAMCO and ACEMLA allege that two Spanish language radio stations owned by SBS publicly performed thirteen musical works that infringed copyrights purportedly owned by LAMCO and ACEMLA.[3] The undisputed facts show that LAMCO and ACEMLA's claims as to at least eight of the works suffer from two fatal flaws.

---

1. The Court granted SBS's request to file a motion for partial summary judgment after hearing argument on the motion's potential to streamline the matter, limit its scope, and reduce the number of alleged infringements from thirteen to five songs.

2. *See, e.g.*, *Latin American Music Co. v. Media Power Group, Inc.*, 705 F.3d 34 (1st Cir. 2013); *Latin American Music Co. v. Archdiocese of San Juan*, 194 F. Supp. 2d 30 (D.P.R. 2001), *aff'd in part and rev'd in part*, 499 F.3d 32 (1st Cir. 2007), *aff'd following trial sub nom. Latin American Music Co. v. ASCAP*, 593 F.3d 95 (1st Cir. 2010); *cf. Latin American Music Co. v. Cardenas, Fernandez & Assocs.*, No. 02–2104, 2003 WL 1825657 (1st Cir. April 8, 2003) (copyright infringement action against concert promoter).

3. The Third Amended Complaint, which is the operative complaint, consists of two counts against SBS and co-Defendant Raúl Alarcón. (D.E. 24.) By Order entered on June 17, 2014, the Court dismissed both claims against Defendant Raúl Alarcón, and dismissed Count II

First, there is no dispute that SBS holds valid licenses from Broadcast Music, Inc., ("BMI") and the American Society of Composers, Authors and Publishers ("ASCAP"); that the BMI and ASCAP licenses authorize SBS stations to perform publicly any musical work in the BMI and ASCAP repertoires; that BMI and ASCAP have made royalty payments to the underlying writers and publishers; and that SBS had a BMI license and an ASCAP license at the times of the alleged infringements.  At least six of the musical works on which this action is based are indisputably in the BMI repertoire (the "BMI Songs"), and at least two of the musical works are indisputably in the ASCAP repertoire (the "ASCAP Songs").  SBS's BMI and ASCAP licenses afford SBS a complete defense to claims of copyright infringement with respect to those eight musical works.

Second, even if the BMI and ASCAP licenses were not a complete defense to LAMCO and ACEMLA's claims of copyright infringement with respect to the BMI and ASCAP Songs, the undisputed facts show that SBS is an "innocent infringer" under section 504(c)(2) of the Copyright Act with respect to the BMI and ASCAP Songs.  Therefore, if LAMCO and ACEMLA elect statutory damages for the alleged infringement of the BMI and ASCAP Songs, subject to the Court's discretion, they would be entitled to no more than minimum statutory damages of $200.00 per work, or in this case a total of $1,600.00.[4]

For the foregoing reasons, SBS respectfully submits that partial summary judgment on the sole remaining count of the Third Amended Complaint as it relates to the BMI and ASCAP songs is appropriate.

---

against SBS, which was based on SBS's alleged infringement of additional unnamed and unspecified musical compositions.  (D.E. 44.)

4.  While not a subject of this motion, in the event LAMCO and ACEMLA elected actual rather than statutory damages, those damages would be de minimis.

# STATEMENT OF FACTS[5]

I.     PARTIES

A.     Latin American Music Co. and ACEMLA de Puerto Rico Inc.

LAMCO is a music publisher that administers copyrighted musical works of Puerto Rican and foreign composers.  (SMF ¶ 1.)  ACEMLA claims to be a music performance rights licensing organization (like BMI or ASCAP) that licenses and administers the performance rights in its repertory (SMF ¶ 2), but courts have in the past rejected that claim and found that ACEMLA essentially is a music publisher.  *See* 2 Nimmer on Copyright § 8.19[A] (citing *ACEMLA v. Copyright Royalty Tribunal*, 851 F.2d 39, 41 (2d Cir. 1988)).  The distinction is immaterial to this motion.

B.     Spanish Broadcasting System, Inc.

SBS is a radio broadcaster that owns and operates commercial radio and television stations across the United States and in Puerto Rico.  (SMF ¶ 3.)  Only two of SBS's radio stations are implicated in this action: La Zeta based out of San Juan, Puerto Rico, and Mega 97.9, which broadcasts from New York, New York.  (SMF ¶ 4.)

II.     SBS'S LICENSES FROM BMI AND ASCAP

BMI and ASCAP operate as non-profit-making music performing rights organizations.  (SMF ¶¶ 5, 6.)  Each organization enters into agreements with songwriters, composers, and music publishers which grant to BMI and ASCAP the non-exclusive right to license the public performance of the BMI affiliates' and ASCAP members' copyrighted musical works as provided for by section 106(4) of the Copyright Act, 17 U.S.C. § 106(4).  (SMF ¶ 7.)

---

5.   The relevant facts are contained in SBS's Statement of Material Facts pursuant to Local Civil Rule 56.1 ("SMF").  These facts are incorporated by reference here.

BMI and ASCAP, in turn, license the right to perform publicly all of the copyrighted musical works contained in their respective repertoires to broadcasters like SBS.  (SMF ¶ 8.)

SBS entered into a license agreement with BMI (the "BMI License") for the January 1, 2010 to December 31, 2016 license term.  (SMF ¶ 9.)  The BMI License grants SBS the right to perform publicly any or all musical works in the BMI repertoire through over-the-air broadcasts by the SBS radio stations.  (SMF ¶ 10.)

Similarly, ASCAP and SBS have executed a license agreement (the "ASCAP License") for all of the SBS stations, also for the January 1, 2010 to December 31, 2016 license term.  (SMF ¶ 11.)  That agreement grants SBS the right to perform publicly any or all of the musical works in the ASCAP repertoire through over-the-air broadcasts by the SBS radio stations.  (SMF ¶ 12.)

III.    THE ALLEGED INFRINGEMENTS

LAMCO and ACEMLA allege infringement of the following six BMI Songs, the performance of which, solely for purposes of this motion, SBS does not contest:

| Song | BMI Writer(s) | BMI Publisher | Date of Alleged Infringement | SBS covered by BMI License on Date of Alleged Infringement |
|---|---|---|---|---|
| Soy Sensacional | Larry Harlow Kahn and Jenaro Alvarez, Jr. | Fania Music | February 28, 2013 | √ |
| Aguanile | Willie Colon and Hector Perez "Lavoe" | Fania Music | June 17, 2012 | √ |
| Ausencia | Willie Colon and Hector Perez "Lavoe" | Fania Music | August 12, 2013 | √ |

| Abuelita | Willie Colon and Hector Perez "Lavoe" | Fania Music | August 20, 2013 | √ |
| Arroz Con Bacalao | Johnny Alvarez | Fania Music | January 24, 2012 | √ |
| La Malanga a/k/a Malanga Brava | James Sabater | N/A | August 12, 2013 | √ |

(SMF ¶ 13.)

LAMCO and ACEMLA also allege infringement of the following two ASCAP Songs, the

performance of which, solely for purposes of this motion, SBS also does not contest:

| Song | ASCAP Writer | ASCAP Publisher | Date of Alleged Infringement | SBS covered by ASCAP License on Date of Alleged Infringement |
|---|---|---|---|---|
| Aniversario | Tommy Sanchez | Cartagena Enterprises, Inc. | August 11, 2013 | √ |
| Toro Mata | Caito Soto de la Colina | Spirit Two Music, Inc. | August 8, 2013 | √ |

(SMF ¶ 14.)

## IV.   BMI LICENSES SIX OF THE SONGS THROUGH ITS AFFILIATION AGREEMENTS WITH THE PUBLISHER AND WRITERS OF THE BMI SONGS

### A.   BMI's Affiliation with Fania Music

Fania Music, the publisher of five of the BMI Songs (*Soy Sensacional*, *Aguanile*,

*Ausencia*, *Abuelita*, *Arroz Con Bacalao*), is a BMI affiliate.  (SMF ¶ 15.)  On March 6, 1986,

Fania Music's predecessor, FAF Publishing, entered into an affiliation agreement (the "Publisher

Affiliation Agreement") with BMI.  (SMF ¶ 16.)  On March 30, 2006, BMI, FAF Publishing,

and Fania Music entered into a letter agreement under which Fania Music acquired all rights and assumed all obligations of FAF Publishing under the Publisher Affiliation Agreement.  (SMF ¶ 17.)

Under the Publisher Affiliation Agreement, BMI's repertoire includes "[a]ll musical compositions . . . whether published or unpublished, now owned or copyrighted by [Fania Music] or in which [Fania Music] owns or controls performing rights"; and "[a]ll musical compositions . . . whether published or unpublished, in which hereafter during the term [Fania Music] acquires ownership or copyright or ownership or control of the performing rights, from and after the date of the acquisition by [Fania Music] of such ownership or control."  (SMF ¶ 18.)

The Publisher Affiliation Agreement grants BMI, among other things, "[a]ll the rights which [Fania Music] owns or acquires publicly to perform, and to license others to perform, anywhere in the world, any part or all of the works."  (SMF ¶ 19.)

The Publisher Affiliation Agreement has been in effect during the entire time period relevant to this case, has not been terminated, and is in effect at present.  (SMF ¶ 20.)  The Publisher Affiliation Agreement on its own is sufficient to grant BMI the right to license the public performance of five of the six BMI Songs (*Soy Sensacional*, *Aguanile*, *Ausencia*, *Abuelita*, *Arroz Con Bacalao*).  (SMF ¶ 21.)  As discussed below, the sixth BMI Song, *Malanga Brava*, does not reflect a formal BMI publisher of record at this time.  (SMF ¶ 22.)  BMI also has affiliation agreements with writers of all six BMI Songs, further confirming BMI's right to license the public performance of those songs.  (SMF ¶ 23.)

B.      *Soy Sensacional* by Larry Harlow Kahn and Jenaro Alvarez, Jr. is in the BMI
Repertoire

*Soy Sensacional* was written by Larry Harlow Kahn and Jenaro Alvarez, Jr.

sometime prior to March 30, 1973.  (SMF ¶ 24.)  Fania Music is the publisher of *Soy*

*Sensacional*, and on April 19, 1973, submitted a Publisher Clearance Form to BMI for the song,

listing Larry Harlow Kahn and Jenaro Alvarez as the writers, each with a 50% share.  (SMF

¶ 25.)

Larry Harlow Kahn has been a BMI affiliate continuously from 1994 to the

present, and he was previously a BMI affiliate from 1969 through 1980.  (SMF ¶ 26.)   In 1980,

he withdrew his affiliation with BMI and became affiliated with ASCAP, and his works were

licensed through ASCAP.  (SMF ¶ 27.)  On March 3, 1995, Larry Harlow Kahn re-entered into

an affiliation agreement (the "Kahn Affiliation Agreement") with BMI which gave BMI the right

to license works he wrote or co-wrote prior to or during the term of the agreement, with an

effective date of July 1, 1994.  (SMF ¶ 28.)  *Soy Sensacional* was co-written by Larry Harlow

Kahn prior to the term of the Kahn Affiliation Agreement, and therefore falls within its scope.

(SMF ¶ 24, 28.)  Larry Harlow Kahn also executed a letter in which he warranted and

represented that his share of performing rights in his listed works, including *Soy Sensacional*,

could be licensed by BMI with no exceptions.  (SMF ¶ 30.)  The Kahn Affiliation Agreement has

been in effect during the entire time period relevant to this case, has not been terminated, and is

in effect at present.  (SMF ¶ 31.)  Jenaro Alvarez, Jr., Larry Harlow Kahn's co-writer of *Soy*

*Sensacional*, also affiliated with BMI in 1966.  (SMF ¶ 32.)  Mr. Alvarez passed away on March

31, 2006.  (SMF ¶ 33.)  BMI has been diligently seeking the late Mr. Alvarez's heirs or

successor(s)-in-interest since his passing and is currently holding royalties for his estate.  (SMF

¶ 34.)

BMI's internal catalog and records show that Larry Harlow Kahn and Fania Music are current BMI affiliates, that *Soy Sensacional* is in the BMI repertoire, and that Fania Music, Larry Harlow Kahn, and Jenaro Alvarez, Jr.'s estate are entitled to royalty payments for the song.  (SMF ¶ 35.)  Indeed, BMI makes royalty payments to Fania Music and Larry Harlow Kahn for performances of *Soy Sensacional*, including as recently as September 2014.  (SMF ¶ 36.)  In addition, *Soy Sensacional* is now, and at all times pertinent has been, shown as being in BMI's repertoire in BMI's searchable online database, http://repertoire.bmi.com/startpage.asp (BMI Work #1391851).  (SMF ¶ 37.)

C.    *Aguanile*, *Ausencia*, and *Abuelita* by Willie Colon and Hector Perez "Lavoe" are in the BMI Repertoire

Willie Colon and Hector Perez "Lavoe" wrote *Aguanile* sometime prior to May 25, 1972, *Abuelita* sometime prior to March 1, 1971, and *Ausencia* sometime prior to April 30, 1970.  (SMF ¶ 38.)  Fania Music is the publisher of *Aguanile*, *Abuelita*, and *Ausencia*.  (SMF ¶ 39.)  On May 18, 1972, Fania Music submitted a Publisher Clearance Form to BMI for the song *Aguanile*, listing Willie Colon and Hector Perez "Lavoe" as the writers, each with a 50% share, thereby first registering the song with BMI over 40 years ago.  (SMF ¶ 40.)

Willie Colon became a BMI affiliate on March 20, 1969, when he entered into an affiliation agreement ("Colon Affiliation Agreement") with BMI which gave BMI the right to license works he wrote or co-wrote during or prior to the term of the agreement.  (SMF ¶ 41.) *Aguanile*, *Abuelita*, and *Ausencia* each were co-written by Willie Colon during the term of the Colon Affiliation Agreement, and therefore fall within its scope.  (SMF ¶ 42.)  Willie Colon withdrew his affiliation with BMI to join ASCAP, but by letter dated April 15, 1985, he expressly confirmed that he left in the BMI repertoire all of the works covered by the Colon Affiliation Agreement, and agreed that prior to any future grant or assignment he would provide

8

prior written notice to BMI.  (SMF ¶ 43.)  No such notice has been received, so all of the works covered by the Colon Affiliation Agreement, including *Aguanile*, *Abuelita*, and *Ausencia*, remain with BMI.  (SMF ¶ 44.)

The estate of Hector Perez "Lavoe" is currently, and has been at all relevant times, a BMI affiliate.  On September 27, 2010, the heirs of Hector Perez "Lavoe"—son Jose A. Perez and daughter Leslie F. Perez Roman—executed a posthumous affiliation agreement (the "Perez Estate Affiliation Agreement") with BMI as to all of Hector Perez "Lavoe's" works, with an effective date of August 19, 2010.  (SMF  ¶ 45.)  Heir Jose A. Perez also executed a letter in which he warranted and represented that Hector Perez "Lavoe's" share of performing rights in his works could be licensed by BMI.  (SMF ¶ 46.)  The Perez Estate Affiliation Agreement has been in effect during the entire time period relevant to this case, has not been terminated, and is in effect at present.  (SMF ¶ 47.)

Thus, *Aguanile*, *Abuelita*, and *Ausencia* are currently, and for the entire period at issue have been, in the BMI repertoire.  BMI's internal catalog and records further confirm that these works are in the BMI repertoire, that Fania Music and Hector Perez "Lavoe's" estate are current affiliates, and that Willie Colon, Hector Perez "Lavoe's" estate, and Fania Music are entitled to royalty payments for the songs.  (SMF ¶ 48.)  Indeed, BMI makes royalty payments to Willie Colon, Fania Music, and Hector Perez "Lavoe's" heirs for performances of *Aguanile*, *Abuelita*, and *Ausencia*, including as recently as September 2014.  (SMF ¶ 49.)  In addition, *Aguanile*, *Abuelita*, and *Ausencia* are now, and at all times pertinent have been, shown as being in BMI's repertoire in BMI's searchable online database, http://repertoire.bmi.com/startpage.asp (BMI Work #12193 (*Aguanile*), BMI Work #3844 (*Abuelita*), BMI Work #65655 (*Ausencia*)). (SMF ¶ 50.)

D.    *Arroz Con Bacalao* by Johnny Alvarez is in the BMI Repertoire

*Arroz Con Bacalao* was written by Johnny Alvarez sometime prior to August 1978.  (SMF ¶ 51.)  Fania Music is the publisher of *Arroz Con Bacalao*.  (SMF ¶ 52.)  On July 31, 1979, Fania Music submitted a Publisher Clearance Form to BMI for the song, listing Johnny Alvarez as the writer, thereby registering the song with BMI, and on August 6, 1979 also registered a copyright in the song (PA 127-332).  (SMF ¶¶ 53, 54.)

Johnny Alvarez (and his estate, after his death) is currently, and has been at all relevant times, a BMI affiliate.  Johnny Alvarez became affiliated with BMI on August 15, 1978, when he entered into an affiliation agreement ("Johnny Alvarez Affiliation Agreement") with BMI, which gave BMI the right to license works that he wrote or co-wrote during or prior to the term of the agreement.  (SMF ¶ 56.)  Johnny Alvarez also listed *Arroz Con Bacalao* in the application and schedule of works he submitted to BMI.  (SMF ¶ 55.)

The Johnny Alvarez Affiliation Agreement has been in effect during the entire time period relevant to this case, has not been terminated, and is in effect at present.  (SMF ¶ 59.)  Johnny Alvarez's wife, Amelia Colón Ruiz continues to affiliate the estate with BMI.  (SMF ¶ 58.)  BMI's internal catalog and records further confirm that Fania Music and Johnny Alvarez's estate are current BMI affiliates, *Arroz Con Bacalao* is in the BMI repertoire, and Fania Music and Johnny Alvarez's estate are entitled to royalty payments for the song.  (SMF ¶ 60.)  Indeed, BMI makes royalty payments to Fania Music and Johnny Alvarez's heir, Amelia Colón Ruiz, including as recently as September 2014.  (SMF ¶ 61.)  In addition, *Arroz Con Bacalao* is now, and at all times pertinent has been, shown as being in BMI's repertoire in BMI's searchable online database, http://repertoire.bmi.com/startpage.asp.  (BMI Work #57294.)  (SMF ¶ 62.)

10

While there may be different songs with a similar title, renowned bandleader Charlie Palmieri and his orchestra recorded Johnny Alvarez's *Arroz Con Bacalao* in an album entitled "The Heavyweight," and Johnny Alvarez is listed as the composer on numerous websites, including www.discogs.com.  (SMF ¶ 63.)

  E. *La Malanga* a/k/a *Malanga Brava* by James Sabater is in the BMI Repertoire

   *La Malanga* a/k/a *Malanga Brava* was written by James Sabater sometime prior to December 14, 1966.  (SMF ¶ 64.)  The song was initially registered with BMI with no formal BMI publisher of record.  (SMF ¶ 65.)  James Sabater (and his estate, after his death) has been a BMI affiliate continuously from 2006 to the present, and previously he was a BMI affiliate from 1966 through 1998.  (SMF ¶ 66.)  On April 6, 2007, James Sabater entered an affiliation agreement (the "2007 Sabater Affiliation Agreement") with BMI, with an effective date of October 1, 2006, which gave BMI the right to license works James Sabater wrote or co-wrote during or prior to the term of the agreement.  (SMF ¶ 67.)   *Malanga Brava* was written by James Sabater prior to the term of the 2007 Sabater Affiliation Agreement and therefore falls within its scope.  (SMF ¶ 68.)  In fact, in his prior affiliation agreement with BMI dated December 14, 1966, *Malanga Brava* was specifically listed as one of the works in which BMI obtained performing rights.  (SMF ¶ 69.)  James Sabater also executed a letter in 2007 in which he warranted and represented that his works could be licensed by BMI on his behalf with no exceptions.  (SMF ¶ 70.)

   James Sabater died in February 2012.  (SMF ¶ 72.)  On March 30, 2012, James Sabater's heirs—son Jaime A. Sabater and daughter Terry Sabater Leitzsey—entered into affiliation agreements (the "Sabater Estate Affiliation Agreements") with BMI, with an effective date of October 1, 2011, which gave BMI the right to license works written or co-written by James Sabater.  (SMF ¶ 73.)

The Sabater Affiliation Agreements have been in effect during the entire time period relevant to this case, have not been terminated, and are in effect at present.  (SMF ¶ 74.)  BMI's internal catalog and records further confirm that James Sabater's estate currently is a BMI affiliate, that *Malanga Brava* is in the BMI repertoire, and that James Sabater's estate is entitled to royalty payments for the song.  (SMF ¶ 75.)  Indeed, BMI makes royalty payment to James Sabater's heirs for performances of *Malanga Brava*, including as recently as September 2014.  (SMF ¶ 76.)  In addition, *Malanga Brava* is now, and at all times pertinent has been, shown as being in BMI's repertoire in BMI's searchable online database, http://repertoire.bmi.com/startpage.asp.  (BMI Work #949073.)  (SMF ¶ 77.)

V.      ASCAP LICENSES TWO OF THE SONGS THROUGH ITS MEMBERSHIP
        AGREEMENTS WITH THE PUBLISHERS OF THE ASCAP SONGS

        A.      ASCAP's Membership Agreements with Cartagena and Spirit Two

        Like *BMI*, ASCAP acquires the right to license public performances of musical works by agreements with the writers and/or publishers of the works.  ASCAP executes a uniform membership agreement with each of its members, including the publishers who own and administer, respectively, the copyrights in the two ASCAP Songs, Cartagena Enterprises, Inc. ("Cartagena") (for the song *Aniversario*) and Spirit Two Music Inc. ("Spirit Two") (for the song *Toro Mata*).  (SMF ¶¶ 78, 80.)  Those membership agreements have been in effect during the entire time period relevant to this case.  (SMF ¶ 84.)

        Similar to the BMI affiliation agreement, ASCAP's membership agreements with Cartagena and Spirit Two grant ASCAP, among other things,

>        . . . the right to license non-dramatic public performances . . . of each
>        musical work:
>
>                            . . .
>
>                In which [Cartagena and Spirit Two] now [have] any right, title,
>                interest or control whatsoever, in whole or in part; or

> Which hereafter, during the term hereof, may be written, composed, acquired or owned; or
>
> In which [Cartagena and Spirit Two] may hereafter, during the term hereof, have any right, title, interest or control, whatsoever, in whole or in part.
>
> The right to license the public performance of every such musical work shall be deemed granted to [ASCAP] by this instrument for the term hereof, immediately upon the work being written, composed, acquired, owned, published or copyrighted.

(SMF ¶¶ 82, 83.)

      B.    *Aniversario* by Tommy Sanchez is in the ASCAP Repertoire

      *Aniversario* was written by Tommy Sanchez before February 3, 1982.  (SMF ¶ 85.)  Tommy Sanchez assigned the copyright in the song to Cartagena Publishing by a written agreement dated February 3, 1982.  (SMF ¶ 86.)  Thereafter, on December 10, 1985, Cartagena Publishing assigned the copyright in the song to Cartagena Publishing Company, a Division of Cartagena Enterprises, Inc.  (SMF ¶ 87.)  On July 14, 1994, Cartagena Publishing (the Division of Cartagena Enterprises, Inc.) applied for and subsequently received a Certificate of Registration of Copyright from the U.S. Copyright Office for the song *Aniversario* (Registration No. PA 724-617).  (SMF ¶ 88.)  The membership agreements in effect between ASCAP and Cartagena, as well as its predecessor-in-interest, demonstrate that at all times pertinent to this action, *Aniversario* has been in the ASCAP repertoire.  (SMF ¶ 89.)  ASCAP makes royalty payments to Cartagena for *Aniversario*, including as recently as September 2014.  (SMF ¶ 90.)  In addition, *Aniversario* is now, and at all times pertinent has been, shown as being in the ASCAP repertoire in ASCAP's searchable online database, www.ascap.com/ACE (ASCAP Work ID 310218083).  (SMF ¶ 91.)

C.      *Toro Mata* by Pedro Carlos ("Caito") de la Colina is in the ASCAP Repertoire

           *Toro Mata* was written by Peruvian songwriter Pedro Carlos ("Caito") de la

Colina sometime prior to January 20, 1979. (SMF ¶ 92.)  On that date, he assigned his rights in

the song to Manuel Lopez-Quiroga y Clavere, doing business as Ediciones Quiroga. (SMF ¶ 93.)

Thereafter, on January 26, 1988, Ediciones Quiroga assigned its rights in *Toro Mata* to a Spanish

music publisher, Sociedad Espanola de Ediciones Musicales, S.A. ("SEEMSA").  (SMF ¶ 94.)

SEEMSA, in turn, entered in to an administration agreement with Hadem Music Corp. on

January 1, 2000, granting to Hadem, among other rights, the right to administer public

performance rights in all of SEEMSA's works in the United States.  (SMF ¶ 95.)  Subsequently,

effective on July 15, 2001, Hadem entered into an administration agreement with Spirit Two,

granting to Spirit Two, among other rights, the right "[t]o perform and license others to perform

the Compositions [owned or controlled by Hadem] publicly . . ."  (SMF ¶ 96.)  The latter

agreement remains in effect and, as a result, the membership agreement in effect between

ASCAP and Spirit Two demonstrates that at all times pertinent to this action, *Toro Mata* has

been in the ASCAP repertoire.  (SMF ¶ 97.)  ASCAP makes royalty payments to Spirit Two for

*Toro Mata*, including as recently as September 2014.  (SMF ¶ 98.)  In addition, the song is now,

and at all times pertinent has been, shown as being in the ASCAP repertory in ASCAP's

searchable online database (ASCAP Work ID 500264824).  (SMF ¶ 99.)

## ARGUMENT

          Summary judgment should be granted where "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a).  The movant may show its entitlement to judgment as a matter of

law on a particular claim, defense, or element by identifying pleadings and discovery responses

which, together with any affidavits, demonstrate the absence of a genuine dispute as to the

material facts underlying the claim, defense, or element.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  No dispute as to a fact is genuine unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and no fact is material unless its existence "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

VI.  **SBS'S BMI AND ASCAP LICENSES PRESENT A COMPLETE DEFENSE TO THE INFRINGEMENT CLAIMS CONCERNING THE BMI AND ASCAP SONGS.**

> To succeed in their copyright infringement claim, LAMCO and ACEMLA must prove "1) which specific original work[] [is] the subject of the claim, 2) that plaintiff owns the copyright in the work, 3) that the copyright has been registered in accordance with the statute, and 4) by which acts during what time the defendant infringed the copyright."  *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (Conner, J.), *aff'd*, 23 F.3d 398 (2d Cir. 1994), *cert. denied*, 513 U.S. 130 (1994); *Palmer Kane LLC v. Scholastic Corp.*, No. 12-CV-3890, 2013 WL 709276, at *2 (S.D.N.Y. Feb. 27, 2013) (Griesa, J.) (quoting *L.L. Cool J.*, 145 F.R.D. at 36); *Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 250 (S.D.N.Y. 2000) (Schwartz, J.) (citing *L.L. Cool J.*, 145 F.R.D. at 35); *see also Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

> A valid license is a complete defense to copyright infringement.  *See Associated Press v. Meltwater U.S. Holdings, Inc.*, 931 F. Supp. 2d 537, 561 (S.D.N.Y. 2013) ("It is a defense to copyright infringement that the alleged infringer possessed a license to use the copyrighted work."); *see also Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998); 4 Nimmer on Copyright § 13.04 ("A defendant will prevail on an infringement action . . . by reason of the availability of a defense, such as a license or assignment from the copyright owner . . . .").

"A joint copyright owner has the unconditional right to grant a nonexclusive license to third parties without the other joint owners' consent."[6] *Latin American Music Co. v. Media Power Group, Inc.*, No. 07-2254 (ADC/BJM), 2010 WL 6420575, at *8 (D.P.R. Sept. 10, 2010) (citing 1 Nimmer on Copyright § 6.10 (1995)), *aff'd in pertinent part*, No. 07–2254(ADC), 2011 WL 1261534 (D.P.R. March 30, 2011).  "[N]either [a joint owner of a work] nor a party to whom he gives permission to use the work can be held liable to the other owner for infringement."  *Geshwind v. Garrick*, 734 F. Supp. 644, 651 (S.D.N.Y. 1990), *aff'd mem.*, 927 F.2d 594 (2d Cir. 1991) (citing *Strauss*, 1988 WL 18932, at *5); *see also Donna v. Dodd, Mead & Co.*, 374 F. Supp. 429, 430 (S.D.N.Y. 1974) (citing *Edward B. Marks Music Corp. v. Jerry Vogel Music Co.*, 140 F.2d 266 (2d Cir. 1944); *Richmond v. Weiner*, 353 F.2d 41 (9th Cir. 1965), *cert denied*, 384 U.S. 928 (1966)).

Because the public performing rights in the six BMI Songs are solely or jointly owned by BMI affiliates and the public performing rights in the two ASCAP Songs are solely or jointly owned or administered by ASCAP members, and because SBS holds valid licenses from BMI and ASCAP, LAMCO and ACEMLA's infringement claims against SBS as to the BMI and ASCAP Songs are meritless.

A.    *Soy Sensacional*

Fania Music, the publisher of *Soy Sensacional*, granted BMI the right to license the public performance rights in its works.  (SMF ¶¶ 16-19, 25, 35-36.)  Both Larry Harlow Kahn and Jenaro Alvarez, Jr., the co-writers of *Soy Sensacional*, did the same.  (SMF ¶¶ 24-37.)

---

6.  Section 101 of the Copyright Act defines joint work as: "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole."  17 U.S.C. § 101.  Under section 201(a) of the Copyright Act, the "authors of a joint work are co-owners of copyright in the work."  17 U.S.C. § 201(a); *see Strauss v. The Hearst Corp.*, No. 85 Civ. 10017, 1988 WL 18932, at *5 (S.D.N.Y. Feb. 18, 1988).

*Soy Sensacional* therefore is in BMI's repertoire, and the BMI License grants SBS the right to publicly perform (broadcast) the song on its radio stations.  SBS's license with BMI is a complete defense to LAMCO and ACEMLA's infringement claim as to *Soy Sensacional*.[7]  *See Associated Press*, 931 F. Supp. 2d at 561.

      B.     *Aguanile*, *Ausencia*, and *Abuelita*

Fania Music, the publisher of *Aguanile*, *Ausencia*, and *Abuelita*, granted BMI the right to license the public performance rights in its works.  (SMF ¶¶ 16-19, 39-40, 48-49.)  Both Willie Colon and Hector Perez "Lavoe," the co-writers of *Aguanile*, *Ausencia*, and *Abuelita*, did the same.  (SMF ¶¶ 38-50.)  These three works therefore are in BMI's repertoire, and the BMI License grants SBS the right to publicly perform (broadcast) the song on its radio stations.  SBS's license with BMI is a complete defense to LAMCO and ACEMLA's infringement claim as to these three works.[8]  *See Associated Press*, 931 F. Supp. 2d at 561.

      C.     *Arroz Con Bacalao*

Fania Music, the publisher of *Arroz Con Bacalao*, granted BMI the right to license the public performance rights in its works.  (SMF ¶¶ 16-19, 52-53, 60-61.)  Johnny Alvarez, the writer of *Arroz Con Bacalao*, did the same.  (SMF ¶¶ 51-63.)  *Arroz Con Bacalao*

---

7. LAMCO and ACEMLA base their claim on purported agreements with Jenaro Alvarez and Certificates of Recordation and Registration in connection with those agreements.  But, even if there were a dispute over Jenaro Alvarez, Jr.'s affiliation with BMI, these purported agreements have no bearing on BMI's affiliation with Fania Music and Larry Harlow Kahn, which are sufficient to grant BMI the right to license the public performance of *Soy Sensacional*.

8. LAMCO and ACEMLA base their claim on an alleged conveyance of rights by Hector Perez "Lavoe's" son, Jose A. Perez.  Hector Perez "Lavoe's" other heir, his daughter Leslie F. Perez Roman, is not a party to that purported conveyance.  Even if there were a dispute as to Jose A. Perez's affiliation with BMI, this would have no bearing on BMI's affiliation with Hector Perez "Lavoe's" other heir, Leslie F. Perez Roman, or BMI's affiliation with Fania Music and Willie Colon, which are sufficient to grant BMI the right to license the public performance of *Aguanile*, *Ausencia*, and *Abuelita*.

therefore is in BMI's repertoire, and the BMI License grants SBS the right to publicly perform (broadcast) the song on its radio stations. SBS's license with BMI is a complete defense to LAMCO and ACEMLA's infringement claim as to *Arroz Con Bacalao*.[9] *See Associated Press*, 931 F. Supp. 2d at 561.

        D.    *La Malanga* a/k/a *Malanga Brava*

James Sabater, the writer of *La Malanga* a/k/a *Malanga Brava* granted BMI the right to license the public performing rights in his works, including *Malanga Brava* to third parties, such as SBS. (SMF ¶¶ 64-71.) After James Sabater's death in February 2012, both of his heirs entered into affiliation agreements with BMI. (SMF ¶¶ 72-77.) *Malanga Brava* therefore remains in BMI's repertoire, and the BMI License grants SBS the right to publicly perform (broadcast) the song on its radio stations. SBS's license with BMI is a complete defense to LAMCO and ACEMLA's infringement claim as to *Malanga Brava*.[10] *See Associated Press*, 931 F. Supp. 2d at 561.

---

9. LAMCO and ACEMLA base their claim on purported agreements with Jenaro Alvarez and Certificates of Recordation and Registration in connection with those agreements. LAMCO and ACEMLA have produced nothing to support their suggestion that Jenaro Alvarez wrote *Arroz Con Bacalao*, which is contradicted by the evidence submitted by SBS in support of this Motion. Even if LAMCO and ACEMLA could support their suggestion that Jenaro Alvarez wrote *Arroz Con Bacalao*, Jenaro Alvarez, who is now deceased, was a BMI affiliate since 1966, and BMI is holding royalty payments for his heirs, who cannot be located. Further, even if there were a dispute over Jenaro Alvarez, Jr.'s affiliation with BMI, this would have no bearing on BMI's affiliation with Fania Music, which is sufficient to grant BMI the right to license public performance of *Arroz Con Bacalao*.

10. LAMCO and ACEMLA base their claim on an agreement between James Sabater and ACEMLA granting ACEMLA a non-exclusive right to license the public performance of his works for a ten-year term from the April 3, 1997 execution date. The term of the non-exclusive license expired on April 3, 2007, three days before James Sabater entered the 2007 Sabater Agreement with BMI. LAMCO and ACEMLA also produced a Certificate of Registration dated March 30, 2001 for ten works by Jimmy Sabater, including *La Malanga Brava*, listing LAMCO as the copyright claimant. But LAMCO and ACEMLA have not

E.      *Aniversario*

As set forth above, at all times pertinent, ASCAP publisher member Cartagena

Enterprises, Inc. has been the owner of the copyright in the song entitled *Aniversario* and has

been a member of ASCAP.  (SMF ¶¶ 78-79, 82-91.)  *Aniversario* therefore is in ASCAP's

repertoire, and the ASCAP License grants SBS the right to publicly perform (broadcast) the song

on its radio stations.  SBS's license with ASCAP is a complete defense to LAMCO and

ACEMLA's infringement claim as to *Aniversario*.[11]  *See Associated Press*, 931 F. Supp. 2d at

561.

F.      *Toro Mata*

As set forth above, at all times pertinent, ASCAP publisher member Spirit Two

Music, Inc. has been the administrator of all rights, including the copyright, in the song entitled

*Toro Mata* and has been a member of ASCAP.  (SMF ¶¶ 80-84, 92-99.)  *Toro Mata* therefore is

in ASCAP's repertoire, and the ASCAP License grants SBS the right to publicly perform

(broadcast) the song on its radio stations.  SBS's license with ASCAP is a complete defense to

LAMCO and ACEMLA's infringement claim as to *Toro Mata*.[12]  *See Associated Press*, 931 F.

Supp. 2d at 561.

---

produced any contract or other evidence that LAMCO in fact had the right to register the
work.

11. LAMCO and ACEMLA base their claim as to *Aniversario* on an agreement, presumably with
the writer of the song.  But, as with the BMI Songs, LAMCO and ACEMLA have proffered
only a copyright registration certificate.  SBS sought a copy of the "contract" referred to on
the copyright registration certificate, but, to date, LAMCO and ACEMLA have not produced
that document.

12. As with their claim with respect to *Aniversario*, LAMCO and ACEMLA rely only on a
copyright registration certificate pertaining to *Toro Mata*, and have yet to provide a copy of
the "contract" that they assert as the basis for their claim as to *Toro Mata*.

LAMCO and ACEMLA's Third Amended Complaint and other uncontroverted evidence foreclose any genuine dispute as to the facts underlying their claim against SBS as to the six BMI Songs and two ASCAP Songs.  Fania Music and writers of the BMI Songs, and/or their co-writers or heirs, assigned their public performance rights in the allegedly infringed BMI Songs to BMI for the purpose of having BMI license those rights to others.  Similarly, Cartagena Enterprises, Inc., the owner of the copyright in *Aniversario*, and Spirit Two Music, Inc., the administrator of the copyright in *Toro Mata*, assigned their public performance rights in the allegedly infringed ASCAP Songs to ASCAP for the purpose of having ASCAP license those rights to others.  SBS's BMI and ASCAP Licenses allow it to broadcast the BMI and ASCAP Songs, and constitute a complete defense to LAMCO and ACEMLA's infringement claims as to those songs.  Based on the undisputed facts, SBS is entitled to partial summary judgment in its favor dismissing with prejudice LAMCO and ACEMLA's claim that its performing rights in the six BMI Songs and the two ASCAP Songs have been infringed.

VII.   EVEN IF SBS'S BMI AND ASCAP LICENSES WERE NOT A COMPLETE DEFENSE TO THE INFRINGEMENT CLAIMS CONCERNING THE BMI AND ASCAP SONGS, SBS WOULD ONLY BE AN "INNOCENT INFRINGER" UNDER THE COPYRIGHT ACT.

Under section 504(c)(2) of the Copyright Act, where an infringer "was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.00."  17 U.S.C. § 504(c)(2).  Courts have found an infringer "innocent," and therefore entitled to a reduction in statutory damages under section 504(c)(2) where the infringer has a license from a performing rights organization, such as BMI or ASCAP.  *See Jobete Music Co. v. Johnson Commc'ns, Inc.*, 285 F. Supp. 2d 1077, 1086-88 (S.D. Ohio 2003) (finding that, where the infringing radio station had a license agreement with BMI, the radio station's reliance on an

erroneous affirmative statement in a record label that the infringed song was in the BMI repertory might be reasonable and, therefore, the infringement of that song might be "innocent").

The purpose of the Copyright Act's "innocent infringer" provision is to "[insulate] users, such as broadcasters . . ., who are particularly vulnerable to this type of infringement suit."  *See* Notes of Committee on the Judiciary, House Report No. 94-1476 (1976 Acts).  SBS is precisely the type of user that the "innocent infringer" provision is intended to protect.  There is no dispute that SBS has valid licenses from BMI and ASCAP, that the BMI and ASCAP Licenses authorize the SBS stations to perform publicly any musical work in the BMI and ASCAP repertoires, and that SBS had the BMI License and the ASCAP License at the times of the alleged infringements.  (SMF ¶¶ 9-12.)  Moreover, there is no dispute that the BMI Songs were listed on BMI's website as works in the BMI repertoire (SMF ¶¶ 37, 50, 62, 77), or that the ASCAP Songs were listed on ASCAP's website as works in the ASCAP repertoire  (SMF ¶¶ 91, 99).  Further, SBS immediately ceased playing the BMI and ASCAP Songs once these songs were identified by LAMCO and ACEMLA in this action pending resolution by this Court.

Thus, even if the BMI and ASCAP Licenses were not a complete defense to LAMCO and ACEMLA's claims of copyright infringement with respect to the BMI and ASCAP Songs, the undisputed facts show that SBS is entitled to partial summary judgment in its favor that it qualifies as an "innocent infringer" under section 504(c)(2) of the Copyright Act with respect to the BMI and ASCAP Songs since it obtained BMI and ASCAP licenses to protect itself against suits such as this.[13]   In addition, the Court should exercise its discretion to set the

---

13. SBS reserves all rights to raise the innocent infringement defense with respect to the remaining five non-BMI and ASCAP Songs, as well as to challenge LAMCO and ACEMLA's claims that they either own or are entitled to exclusively administer or license the remaining five songs.

LAMCO and ACEMLA statutory damages for the alleged infringement of the BMI and ASCAP Songs at the minimum statutory amount of $200 per work or a total of $1,600.00.[14]

## CONCLUSION

For all of the above reasons, SBS's motion for partial summary judgment dismissing with prejudice LAMCO and ACEMLA's claim of infringement of their performing rights as to the six BMI Songs and the two ASCAP Songs should be granted, or, in the alternative, the Court should find that SBS is an "innocent infringer" under section 504(c)(2) of the Copyright Act with respect to the six BMI Songs and the two ASCAP Songs, and set damages at the minimum statutory amount of $200 per work.

---

14. Although a plaintiff "is allowed to opt for statutory damages in lieu of actual damages, this option is not intended to provide the plaintiff with a windfall recovery," and the Court "has broad discretion to award statutory damages in an amount that will further the objectives of the Copyright Act, namely, to compensate copyright owners for a past infringement and to deter future infringement." *Warner Bros. v. Dae Rim Trading, Inc.*, 677 F. Supp. 740, 769 (S.D.N.Y. 1988) (citing *Lottie Joplin Thomas Trust v. Crown Publishers, Inc.*, 592 F.2d 651 (2d Cir. 1978)). Therefore, "the amount of a statutory damage award should bear some relationship to the circumstances of the infringement." *Id.* If LAMCO and ACEMLA were to seek actual damages, their recovery should be limited to the profits that they would have accrued but for SBS's alleged infringement. *See On Davis v. The Gap, Inc.*, 246 F.3d 152, 159 (2d Cir. 2001) ("The award of the owner's actual damages looks at the facts from the point of view of [the]copyright owner; it undertakes to compensate the owner for any harm he suffered by reason of the infringer's illegal act.") (citations omitted); *Banff Ltd. v. Express, Inc.*, 921 F. Supp. 1065, 1068 (S.D.N.Y. 1995) (citation omitted).

Dated: New York, New York
        November 12, 2014

STROOCK & STROOCK & LEVINE LLP          HUGHES HUBBARD & REED LLP


  By:   /s/ James G. Sammataro             By:   /s/ James C. Fitzpatrick
        James G. Sammataro                       James C. Fitzpatrick
                                                 Meaghan C. Gragg


Southeast Financial Center                 One Battery Park Plaza
200 South Biscayne Blvd. Suite 3100        New York, New York 10004-1482
Miami, Florida 33131                       Telephone:  212-837-6000
Telephone: 305-358-9900                    Fax:  212-422-4726
Fax: 305-416-2888                          james.fitzpatrick@hugheshubbard.com
jsammataro@stroock.com                     meaghan.gragg@hugheshubbard.com

  *Attorneys for Defendant*                  *Attorneys for Defendant*
  *Spanish Broadcasting System, Inc.*        *Spanish Broadcasting System, Inc.*