## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

LATIN AMERICAN MUSIC COMPANY, INC.,
a/k/a LAMCO, and ASOCIACIÓN DE
COMPOSITORES Y EDITORES DE MUSICA
LATINOAMERICANA *a/k/a*ACEMLA,

                Plaintiffs,

    vs.

SPANISH BROADCASTING SYSTEM, INC.
AND RAÚL ALARCÓN, JR.,

              Defendants.

Civil Action No.  13 CV 1526-RJS

### DEFENDANT SPANISH BROADCASTING SYSTEM, INC.'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant, Spanish Broadcasting System, Inc. ("SBS"), hereby files its Answer and
Affirmative Defenses to the Third Amended Complaint filed on behalf of the plaintiffs, Latin
American Music Company, Inc. ("LAMCO") and Asociación de Compositores y Editores de
Musica Latinoamericana ("ACEMLA" collectively with LAMCO, "Plaintiffs") [D.E. 24].
Except as expressly admitted in the correspondingly numbered paragraphs to the Third Amended
Complaint, SBS denies all allegations in the Third Amended Complaint.

### Jurisdiction and Venue

1.     SBS admits that Plaintiffs have filed an action seeking damages and injunctive
relief under the copyright laws of the United States.  SBS denies that Plaintiffs are entitled to
relief.

2.     SBS does not dispute that this Court possesses jurisdiction over this matter.

3.     SBS does not dispute that it is subject to personal jurisdiction.

4.     SBS admits that it conducts business in New York and that it is duly authorized to
conduct business in the State of New York.

5.      Pursuant to the Court's Order entered on June 17, 2014 [D.E. 44], all claims against Raúl Alarcón, Jr. ("Alarcón") were dismissed.  Consequently, allegations regarding Mr. Alarcón contained in paragraph 5 of the Third Amended Complaint are not relevant to Plaintiffs' action.  To the extent that these allegations necessitate a response, SBS admits that Mr. Alarcón is its President and Chief Executive Officer.  SBS denies the remaining allegations contained in paragraph 5 of the Third Amended Complaint.

6.      Pursuant to the Court's June 17, 2014 Order, all claims against Mr. Alarcón  were dismissed with prejudice.  Consequently, Mr. Alarcón is a prevailing party and all allegations regarding Mr. Alarcón have no further bearing or relevance to this action.  To the extent that these allegations necessitate a response, SBS denies the remaining allegations contained in paragraph 6 of the Third Amended Complaint.

7.      SBS does not dispute that venue is proper in this District.

## Parties

8.      SBS is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of the Third Amended Complaint and, therefore, denies the same.

9.      SBS is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of the Third Amended Complaint and, therefore, denies the same.

10.     SBS is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of the Third Amended Complaint and, therefore, denies the same.

11.     SBS is without sufficient knowledge to form a belief as to the truth of the

allegations contained in paragraph 11 of the Third Amended Complaint and, therefore, denies the same.

12.     SBS admits that it is incorporated in Delaware; duly authorized to conduct business in the State of New York; and has its principal place of business in Miami, Florida.

13.     SBS admits that it owns and/or operates a number of terrestrial radio stations, including WSKQ 97.9 FM (New York) and WZNT 93.7 FM/WZMT 93.3 FM/WZET 92.1 FM (Puerto Rico), which are the only stations that are implicated in this action.   The balance of the allegations contained in paragraph 13 of the Third Amended Complaint are either not relevant or inaccurate and, therefore, denied.

14.     SBS admits that it simultaneously streams some of its radio stations' content over the internet, but otherwise denies the allegations contained in paragraph 14 of the Third Amended Complaint.

15.     SBS admits that it owns the LaMusica.com website, through which it streams its stations' content.  SBS denies that it permits the downloading of songs through the site.  SBS further denies that it possesses any liability to the Plaintiffs in connection with the streaming of any content.

16.     Pursuant to the Court's June 17, 2014 Order, all claims against Mr. Alarcón were dismissed.  Consequently, Mr. Alarcón is a prevailing party and all allegations regarding Mr. Alarcón have no further bearing or relevance to this action.  To the extent that these allegations necessitate a response, SBS denies the allegations contained in paragraph 16 of the Third Amended Complaint.

17.     Pursuant to the Court's June 17, 2014 Order, all claims against Mr. Alarcón were dismissed.  Consequently, Mr. Alarcón is a prevailing party and all allegations regarding Mr.

Alarcón have no further bearing or relevance to this action.  To the extent that these allegations necessitate a response, SBS denies the allegations contained in paragraph 17 of the Third Amended Complaint.

## Factual Allegations

18.     SBS admits that it entered into an agreement with Plaintiffs on or about December 9, 1994 ("1994 Agreement"), but denies any characterization thereof.   SBS further admits that the 1994 Agreement permitted the broadcast of the Plaintiffs' alleged musical compositions but states that the salient provisions are included within a more fully integrated document that includes numerous other terms and conditions that supplement, influence and place into context the allegations contained within paragraph 18 of the Third Amended Complaint.  Consequently, SBS respectfully refers the Court to the complete text of the 1994 Agreement for its full and intended interpretation.  SBS denies all remaining allegations contained in paragraph 18 of the Third Amended Complaint.

19.     SBS admits that it entered into the 1994 Agreement, but denies any characterization thereof. SBS further admits that the 1994 Agreement permitted the broadcast of the Plaintiffs' alleged musical compositions but states that the salient provisions are included within a more fully integrated document that includes numerous other terms and conditions that supplement, influence and place into context the allegations contained within paragraph 19 of the Third Amended Complaint.  Consequently, SBS respectfully refers the Court to the complete text of the 1994 Agreement for its full and intended interpretation.  SBS admits that it did not enter into any subsequent license agreements with Plaintiffs and eventually ceased making licensing payments to Plaintiffs, but otherwise denies the remaining allegations contained in paragraph 19 of the Third Amended Complaint.

20.     SBS denies the allegations contained in paragraph 20 of the Third Amended Complaint.

## INFRINGEMENT OF COPYRIGHTS[1]

### Count One

21.     SBS re-alleges and incorporates its responses to paragraphs 1 through 21 of the Third Amended Complaint as if set forth fully herein.

22.     SBS lacks knowledge or information sufficient to form a belief as whether the Plaintiffs are the copyright owners or the licensees of exclusive rights of "certain copyrighted works" not included within the scope of this litigation.  In connection with the thirteen (13) musical works identified in paragraph 23 of the Third Amended Complaint ("Musical Works"), SBS denies the allegations contained in paragraph 22 of the Third Amended Complaint.

23.     SBS denies the allegations contained in paragraph 23 of the Third Amended Complaint.

24.     SBS denies the allegations contained in paragraph 24 of the Third Amended Complaint.

### Count Two

25.     SBS re-alleges and incorporates its responses to paragraphs 1 through 25 of the Third Amended Complaint as if set forth fully herein.

26.     Pursuant to the Court's June 17, 2014 Order, Count Two of the Third Amended Complaint was dismissed.  Consequently, Defendant is not obligated to respond to the allegations contained in paragraph 26.

27.     Pursuant to the Court's June 17, 2014 Order, Count Two of the Third Amended Complaint was dismissed.  Consequently, Defendant is not obligated to respond to the

---

[1] To the extent this heading, "Infringement of Copyrights" is an allegation, SBS denies the same.

allegations contained in paragraph 27.

### **Injunctive Relief Requested**

28.     SBS denies the allegations contained in paragraph 28.

29.     SBS denies the allegations contained in paragraph 29.

30.     SBS denies the allegations contained in paragraph 30.

### **Damages**

31.     SBS denies the allegations contained in paragraph 31.

In response to the unnumbered "Wherefore" clause following paragraph 31 of the Third Amended Complaint, SBS admits that Plaintiffs seek the relief requested therein, but denies that Plaintiffs are entitled to any relief in this action. To the extent such allegations require a response, SBS denies the same.

### **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**
### **(No Copyright Interests)**

Plaintiffs' claims fail, in whole or part, to the extent that Plaintiffs do not possess any valid copyright interests in and to the Musical Works.

### **SECOND AFFIRMATIVE DEFENSE**
### **(No Infringement)**

Plaintiffs' claims fail, in whole or part, to the extent that Plaintiffs do not possess either exclusive rights and/or any greater rights in and to the Musical Works than third parties, including but not limited to the American Society of Composers, Authors and Publishers ("ASCAP") and Broadcast Music, Inc. ("BMI"), from whom SBS has properly secured licenses authorizing public performances of copyrighted musical works in those entities' respective repertoires.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>
**(Invalid Copyright Registration)**

Plaintiffs' claim for copyright infringement is barred to the extent that Plaintiffs' copyright registrations and/or certificates of recordation are invalid, legally deficient and/or were procured by fraud.

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>
**(Non-use)**

Plaintiffs' claims fail, in whole or part, to the extent that SBS did not actually play the Musical Works as alleged.

<u>**FIFTH AFFIRMATIVE DEFENSE**</u>
**(Statute of Limitations)**

Plaintiffs' claims fail, in whole or part, to the extent that SBS did not play the Musical Works within the applicable statute of limitations.

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>
**(No Damages)**

Plaintiffs' claim is barred, as a matter of law, to the extent that they have not suffered any actual damages and/or are ineligible to recover statutory damages and attorneys' fees.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>
**(Justification)**

Plaintiffs' claim for copyright infringement is barred, in whole or in part, because SBS possessed the authority, legal right, and/or was other justified or privileged to broadcast the Musical Works through valid license agreements.

<u>**EIGHTH AFFIRMATIVE DEFENSE**</u>
**(Innocent Infringement)**

Pursuant to 17 U.S.C. § 504 (c)(2), SBS was not aware and had no reason to believe that

its conduct constituted an infringement of copyright and, therefore, the Court should exercise its discretion to reduce any award of statutory damages to a sum of not less than $200.00 for any proven act of infringement.

## NINTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

SBS specifically reserves the right to assert additional defenses as discovery reveals further facts and defenses.

**WHEREFORE**, SBS respectfully requests that a final judgment of dismissal be entered in its favor and that the attorneys' fees, costs and expenses that both it and Mr. Alarcón incurred in defending against this action be charged against Plaintiffs, and that the Court award such other and further relief that it deems just and proper.

**STROOCK & STROOCK & LAVAN LLP**

By:   /s/ James G. Sammataro
      James G. Sammataro

Southeast Financial Center
200 South Biscayne Blvd. Suite 3100
Miami, Florida 33131
Telephone: 305-358-9900
Fax: 305-416-2888
jsammataro@stroock.com

*Attorneys for Defendant*
*Spanish Broadcasting System, Inc.*

**HUGHES HUBBARD & REED LLP**

By:   /s/ James C. Fitzpatrick
      James C. Fitzpatrick
      Meaghan C. Gragg

One Battery Park Plaza
New York, New York 10004-1482
Telephone:  212-837-6000
Fax:  212-422-4726
james.fitzpatrick@hugheshubbard.com
meaghan.gragg@hugheshubbard.com

*Attorneys for Defendant*
*Spanish Broadcasting System, Inc.*