UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LATIN AMERICAN MUSIC COMPANY, INC., a/k/a LAMCO, and ASOCIACIÓN DE COMPOSITORES Y EDITORES DE MUSICA LATINOAMERICANA a/k/a ACEMLA,<br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>SPANISH BROADCASTING SYSTEM, INC. AND RAÚL ALARCÓN, JR.,<br>　　　　　　　　　　Defendants. | Civil Action No.  13 CV 1526-RJS<br><br>**DECLARATION OF STUART LIVINGSTON** |

Stuart Livingston, under penalty of perjury, declares:

1. I am the President of Código Music, LLC ("Código Music").

2. I am making this declaration in support of Spanish Broadcasting System, Inc.'s ("SBS") motion for partial summary judgment. Unless otherwise indicated, the information set forth herein is based upon my personal knowledge and a review of Código Music's records and is true to the best of my knowledge, information, and belief.

<u>Código Music Controls the Rights to the Fania Catalogue</u>

3. Código Music owns the exclusive rights to a legendary collection of Latin musical works originally published by Fania Publishing Co., Inc. ("Fania Publishing"), which mix a cornucopia of styles that transcend the boundaries of traditional Latin music and set the path for the genres of Latin Big Band, Afro-Cuban Jazz, Boogaloo, Salsa and Latin R&B, including many of the best-selling Salsa classics of all time (the "Fania Catalogue"). I understand that this case involves allegations of infringement in 2012 and 2013. Código Music owned the exclusive rights to the Fania Catalogue during this time period as well.

4. Código Music was formerly known as SE Music Acquisition, LLC. On August 31, 2009, SE Music Acquisition, LLC amended its Certificate of Formation to change its name to Código Music, LLC. A copy of the Certificate of Amendment of Certificate of Formation of SE Music Acquisition, LLC is attached hereto as Exhibit 1.

History of the Chain of Title of the Fania Catalogue

5. Código Music acquired the exclusive rights to the Fania Catalogue on April 23, 2009, when it acquired the assets of former rights-holder, Emusica Publishing, LLC d/b/a Fania Music ("Emusica Publishing"). A copy of the April 23, 2009 agreement reflecting the transfer of rights and the June 23, 2009 letter to BMI confirming the transfer is attached hereto as Exhibit 2.

6. Emusica Publishing acquired the exclusive rights to the Fania Catalogue from former rights-holder Sonido Inc. d/b/a FAF Publishing ("FAF Publishing II") on July 22, 2005. A copy of the March 30, 2006 letter agreement between BMI, Emusica Publishing and FAF Publishing II confirming the acquisition, along with the October 13, 2005 letter referenced in and attached thereto, is attached hereto as Exhibit 3.

7. FAF Publishing II acquired the exclusive rights to the Fania Catalogue from former rights-holder FAF Publishing, a Division of F Publ., Inc. ("FAF Publishing I") on July 1, 1992. A copy of a November 18, 1992 letter agreement confirming the transfer of rights is attached hereto as Exhibit 4.

8. FAF Publishing I acquired the exclusive rights to the Fania Catalogue from Fania Publishing on July 1, 1985. A copy of the March 5, 1986 letter agreement with BMI confirming the transfer of rights is attached hereto as Exhibit 5.

BMI Has the Right to License the Performing Rights in the Works in the Fania Catalogue

9. Código Music has at all times since its acquisition of the exclusive rights to the Fania Catalogue (including during the time that Código Music was known as SE Music Acquisition, LLC) affiliated with Broadcast Music, Inc. ("BMI"), such that BMI has had the right to license the performing rights in the BMI/Fania Works to music users. This affiliation occurred as a result of SE Music Acquisition, LLC's acquisition of the rights and obligations under the prior rights holders' affiliation agreement as part of its acquisition of the assets of Emusica Publishing. A copy of the June 23, 2009 letter informing BMI of the assignment is attached hereto as Exhibit 6.

10. Fania Publishing entered into a BMI affiliation agreement on April 7, 1976. A true and correct copy of this 1976 affiliation agreement is attached hereto as Exhibit 7.

11. On March 6, 1986, one day after BMI received a letter confirming the transfer of rights from Fania Publishing to FAF Publishing I, FAF Publishing I entered into an affiliation agreement with BMI, which made clear that it was now the operative affiliation agreement, cancelling and superseding the 1976 affiliation agreement with Fania Publishing. A copy of the 1986 affiliation agreement between FAF Publishing I and BMI is attached hereto as Exhibit 8.

12. The rights and obligations under the 1986 affiliation agreement were later transferred to FAF Publishing II and then to Emusica Publishing. As noted above, Código Music (then known as SE Music Acquisition, LLC) acquired the rights and obligations under that agreement from Emusica Publishing.

The Fania Catalogue Includes the Rights to At Least Seven of the Musical Works at Issue

13. The Fania Catalogue includes the rights to "Abuelita." Attached hereto as

Exhibit 9 is a true and correct copy of the copyright registration certificate for "Abuelita," which lists "Fania Publishing Co., Inc." as the copyright claimant, and lists "Willie Colon" and "Hector Perez 'Lavoe'" as the co-authors of the work. Attached hereto as Exhibit 10 is a true and correct copy of the page from the *Catalogue of Copyright Entries: Third Series, Volume 25, Part 5, Number 1, Section 1, January-June 1971*, published in 1972, which contains the copyright registration entry for "Abuelita." Attached hereto as Exhibit 11 is an agreement between Hector Lavoe and Fania Publishing. Attached hereto as Exhibit 12 is an agreement between Willie Colon and Fania Publishing.

        14.       The Fania Catalogue includes the rights to "Aguanile." Attached hereto as Exhibit 13 is a true and correct copy of the copyright registration certificate for "Aguanile." It lists "Fania Publishing Company, Inc." as the copyright claimant and lists "Willie Colon" and "Hector Perez a/k/a Hector Lavoe" as the co-authors of the work. Attached hereto as Exhibit 14 is a true and correct copy of the page from the *Catalogue of Copyright Entries: Third Series, Volume 26, Part 5, Number 1, Section 1, January-June 1972*, published in 1973, which contains the copyright registration entry for "Aguanile."

        15.       The Fania Catalogue includes the rights to "Ausencia." Attached hereto as Exhibit 15 is a true and correct copy of the copyright registration certificate for "Ausencia," which lists "Fania Publishing Co., Inc." as the copyright claimant and lists "Willie Colon" and "Hector Lavoe Perez" as the co-authors of the work. Attached hereto as Exhibit 16 is a true and correct copy of the page from the *Catalogue of Copyright Entries: Third Series, Volume 24, Part 5, Number 1, Section 1, January-June 1970*, published in 1971, which contains the copyright registration entry for "Ausencia."

        16.       The Fania Catalogue includes the rights to "Mi Gente." Attached hereto

as Exhibit 17 is a true and correct copy of the copyright registration certificate for "Mi Gente," which lists "Fania Publishing Co., Inc." as the copyright claimant and lists "Johnny Pacheco" as the author of the work.  Attached hereto as Exhibit 18 is a true and correct copy of the page from the *Catalogue of Copyright Entries: Third Series, Volume 29, Part 5, Number 1, Section 2, January-June 1975*, published in 1976, which contains the copyright registration entry for "Mi Gente."  Attached hereto as Exhibit 19 is a true and correct copy of an agreement between Johnny Pacheco and Sonido, Inc. that indicates that Mr. Pacheco entered into multiple prior agreements with Fania-related entities over the years.

17.     I understand that LAMCO and ACEMLA have asserted that "Mi Gente" was actually authored by Hector Perez Lavoe.  I am unaware of any evidence to support this.  Código's records and copyright registration certificate indicate that Johnny Pacheco is the author.  In addition, Hector Lavoe's obituary in the New York Times, attached hereto as Exhibit 20, and a New York Times article about the Fania record label, attached hereto as Exhibit 21, both indicate that "Mi Gente," which was recorded by Hector Lavoe, was written by Johnny Pacheco.

18.     The Fania Catalogue includes the rights to "Soy Sensacional."  Attached hereto as Exhibit 22 is a true and correct copy of the copyright registration certificate for "Soy Sensacional," which lists "Fania Records, Inc." as the copyright claimant and lists "Larry Harlow a/k/a Larry Kahn" and "Jenaro Alvarez a/k/a Heny Alvarez" as the co-authors of the work.  The reference to "Fania Records, Inc." rather than related company "Fania Publishing" was likely a clerical error.  Both companies had common ownership at the time, and Fania Records was a record label while Fania Publishing was a music publishing company.  Attached hereto as Exhibit 23 is a true and correct copy of the page from the *Catalogue of Copyright Entries: Third*

*Series, Volume 27, Part 5, Number 2, Section 2, July-December 1973*, published in 1975, which contains the copyright registration entry for "Soy Sensacional." Attached hereto as Exhibit 24 is a true and correct copy of an agreement between Larry Harlow Kahn and Sonido, Inc.

19. The Fania Catalogue includes the rights to "Hommy," the Latin opera that includes the song "Mandecadito." Attached hereto as Exhibit 25 is a true and correct copy of the copyright registration certificate for "Hommy" which lists "Fania Records, Inc." as the copyright claimant and lists "Larry Kahn a/k/a Larry Harlow" and "Jenaro Alvarez a/k/a Heny Alvarez" as the co-authors of the work. Exhibit 23, discussed above, is the page of the *Catalogue of Copyright Entries* that also contains the copyright registration entry for "Mandecadito."

20. I understand that LAMCO and ACEMLA have asserted that "Soy Sensacional" and "Hommy/Mandecadito" were actually authored exclusively by Jenaro (Heny) Álvarez (Domenech). I am unaware of any evidence to support this. Código's records and copyright registration certificate indicate that Jenaro (Heny) Álvarez (Domenech) and Larry Harlow Kahn are the co-authors. In addition, two New York Times articles, attached hereto as Exhibits 26 and 27, indicate that "Hommy," the Latin opera that includes "Soy Sensacional" and "Mandecadito," was co-written by Jenaro (Heny) Álvarez (Domenech) and Larry Harlow Kahn.

21. The Fania Catalogue includes the rights to "Arroz con Bacalao." Attached hereto as Exhibit 28 is a true and correct copy of the copyright registration certificate for "Arroz con Bacalao," which lists "Fania Publishing Co., Inc." as the copyright claimant and lists "Johnny Alvarez" as the author of the work. Attached hereto as Exhibit 29 is a true and correct copy of the Copyright Catalogue (1978-Present), which contains the copyright registration entry for "Arroz con Bacalao." Attached hereto as Exhibit 30 is a true and correct copy of an agreement between Johnny Álvarez and Fania Publishing concerning "Arroz con Bacalao."

22. I understand that LAMCO and ACEMLA have asserted that "Arroz con Bacalao" was actually authored by Jenaro (Heny) Álvarez (Domenech). I am unaware of any evidence to support this. Código's records and copyright registration certificate indicate that Johnny Álvarez is the author.

23. During the time that Código Music has owned the rights to the Fania Catalogue, Código Music has received royalties from BMI based on the public performance of all seven of these works by various music users.

Prior LAMCO Litigation Involving Hector Lavoe

24. In 2000, LAMCO filed suit against various defendants involved in producing a play called "Quien Mató a Hector Lavoe?" which included seven of Lavoe's musical works. On March 18, 2002, the United States District Court for the District of Puerto Rico granted the defendants' motion for summary judgment and concluded that (a) Lavoe had assigned the rights to the works in question to Fania Publishing, (b) Fania and its successors retained the rights to those works, and (c) Perez's "assignment [to LAMCO] and registration are null and void." *Latin Am. Music Co. v. Cardenas Fernandez & Associates, Inc.*, No. 00-CV-1215, ECF No. 69 (D.P.R. March 18, 2002), *aff'd*, 60 F. App'x 843 (1st Cir. 2003). A copy of the district court's decision is attached hereto as Exhibit 31.

25. On June 27, 2002, the United States District Court for the District of Puerto Rico denied LAMCO's motion for reconsideration. *Latin Am. Music Co. v. Cardenas Fernandez & Associates, Inc.*, No. 00-CV-1215, ECF No. 90 (D.P.R. June 27, 2002). A copy of the district court's decision is attached hereto as Exhibit 32.

26. On April 8, 2003, the First Circuit affirmed the district court's decision. *Latin Am. Music Co. v. Cardenas Fernandez & Associates, Inc.*, 60 F. App'x 843 (1st Cir. 2003).

A true and correct copy of the First Circuit's opinion is attached here as Exhibit 33.

27. As the result of a separate lawsuit in New York State Court regarding ownership of the copyrights in works of Hector Lavoe, Jose Alberto Perez and Nilda Georgina Roman Perez (two of Hector Lavoe's heirs) entered into a settlement agreement with Sonido, Inc. (FAF Publishing II), Código's predecessor in interest with respect to the copyrights in the works of Hector Lavoe in April 2002 (the "Lavoe Settlement Agreement"). In it, Perez represented that "he never intended to assign, license, or transfer any rights to [LAMCO] in derogation of Sonido's rights" and agreed to "fully cooperate with and assist Sonido in protecting Sonido's rights to the recordings and compositions of Lavoe . . . ." A true and correct copy of the Lavoe Settlement Agreement is attached hereto as Exhibit 34.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 21, 2016

_____
Stuart Livingston