UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/17

LATIN AMERICA MUSIC COMPANY,
INC., *et al.*,

Plaintiffs,

-v-

SPANISH BROADCASTING SYSTEM, INC.

Defendant.

No. 13-cv-1526 (RJS)
ORDER TO SHOW CAUSE

RICHARD J. SULLIVAN, District Judge:

On April 17, 2017, the Court presided over a bench trial in this matter. For the reasons set

forth below and stated on the record at the conclusion of trial, IT IS HEREBY ORDERED THAT

Plaintiffs' current and former attorneys, Kelly Talcott and Jose Torres, shall show cause why they

should not be sanctioned in this matter.

Rule 11 of the Federal Rules of Civil Procedure provides that "[o]n its own, the court may

order an attorney, law firm, or party to show cause" why it should not be sanctioned, Fed. R. Civ.

P. 11(c)(3), and that "the court may impose an appropriate sanction on any attorney, law firm, or

party that violated the rule or is responsible for the violation," Fed. R. Civ. P. 11(c)(1). Courts

"frequently" impose Rule 11 sanctions "against both represented parties and their attorneys when

the Court finds the party has acted in bad faith, or proceeded with an improper purpose." *S. Pac.

Shipping Co. Inc. v. Redi-Fresh Produce Inc.*, No. 14-cv-4157 (LAK) (AJP), 2014 WL 6968039,

at \*11 (S.D.N.Y. Dec. 9, 2014) (collecting cases); *see also Salovaara v. Eckert*, 222 F.3d 19, 33

(2d Cir. 2000) ("[A] court may sanction a represented party if the party 'had actual knowledge that

filing the paper constituted wrongful conduct, *e.g.*, the paper made false statements or was filed for an improper purpose.'" (citation omitted)).

Pursuant to Rule 11, "[a]n attorney who presents a filing to the court certifies that 'to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,' the filing is not presented for an improper purpose, the legal contentions are nonfrivolous and supported by existing law, and the factual contentions have evidentiary support." *Garber v. Office of Comm'r of Baseball*, No. 12-cv-03704 (VEC), 2017 WL 752183, at \*4 (S.D.N.Y. Feb. 27, 2017) (quoting Fed. R. Civ. P. 11(b)). "[T]he Second Circuit has prescribed 'two separate standards of culpability' under Rule 11, 'depending upon who initiates sanction proceedings': those initiated by a party are subject to an 'objective unreasonableness' standard, and those initiated by the court are subject to 'the heightened standard of 'subjective bad faith' . . . .'" *Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 197, 200 (S.D.N.Y. 2007) (quoting *HD Brous & Co., Inc. v. Mrzyglocki*, No. 03-cv-8385 (CSH), 2004 WL 1367451, at \*1–2 (S.D.N.Y. June 16, 2004)); *accord In re Pennie & Edmonds LLP*, 323 F.3d 86, 90–91 (2d Cir. 2003). An attorney has "subjective bad faith" if he has "'actual knowledge that a pleading or argument that he or she is advancing is frivolous.'" *Garber*, 2017 WL 752183, at \*4 (quoting *Braun ex rel. Advanced Battery Techs., Inc., v. Fu*, No. 11-cv-4383 (CM) (DF), 2015 WL 4389893, at \*15 (S.D.N.Y. July 10, 2015)). Courts have found that "[a]ctual knowledge may be proven through direct or circumstantial evidence, and 'conscious avoidance may be the equivalent of knowledge.'" *Id.* (quoting *Rivas v. Bowling Green Assocs., L.P.*, No. 13-cv-7812 (PKC), 2014 WL 3694983, at \*2 (S.D.N.Y. July 24, 2014)).

Here, the Court is deeply troubled by what appears to be a willful abuse of the discovery process and a pattern of misrepresentations to the Court. Plaintiffs' original complaint, as well as

the three amended complaints subsequently filed, contained allegations that Defendant infringed Plaintiffs' intellectual property rights on specific days and times and on specific radio stations owned and operated by Defendant. (Doc. No. 1 at 6–7; Doc. No. 9 at 7; Doc. No. 22 at 7–9; Doc. No. 24 at 7–9.) In their January 10, 2014 initial disclosures filed by Mr. Torres, Plaintiffs claimed that they were in possession of recordings made by Plaintiffs' principal, Luis Raul Bernard, of the alleged infringement by Defendant (the "Recordings"). (*See* Doc. Nos. 137-1, 137-2.) Not surprisingly, Defendant requested production of the Recordings, but they were never produced by Plaintiffs. (*See* Doc. No. 137 at 8.) In light of Plaintiffs' non-production, Defendant filed a motion *in limine* to exclude any recordings or logs relating to the dates and times of the alleged infringement. (Doc. No. 137 at 4–6.) At the final pretrial conference, at which the Court heard argument on the motion *in limine*, Mr. Talcott represented that the Recordings had not been produced because they were destroyed by "ransomware," presumably prior to the beginning of discovery. (*See* Tr. of April 5, 2017 conference 9–12; *see also* Doc. No. 90.) The Court granted Defendant's motion to exclude any recordings or logs of the alleged infringement, should Plaintiffs attempt to introduce such later acquired evidence. (Doc. No. 144.) Incredibly, on the day of trial, Mr. Talcott revealed for the first time that Mr. Bernard did in fact possess the Recordings. (Tr. of April 17, 2017 trial ("Trial Tr.") 2:16–23.) But while Mr. Talcott asserted that Mr. Bernard had led him to believe that the Recordings were "missing" (Trial Tr. 2:25–3:6, 6:11–19), Mr. Bernard testified several times that he sent the Recordings both to Mr. Talcott and to Mr. Torres well before the close of discovery in this action. (Trial Tr. 55:1–11, 61:23–62:3, 72:1–13, 149:9–150:14, 154:14–155:1.)

The Court is equally troubled by what appear to be false statements in various submissions filed with the Court by Messrs. Torres and Talcott. In the original complaint and in each of the

3

three amended complaints, Plaintiffs represented that they were the copyright owners or licensees of exclusive rights with respect to the songs at issue in this case. (Doc. No. 1 ¶ 18; Doc. No 9 ¶ 18; Doc. No. 22 ¶ 22; Doc. No. 24 ¶ 22.) Additionally, in his affidavit submitted as direct testimony at trial, Mr. Bernard stated unambiguously that LAMCO is "the owner" of the copyright registrations covering the songs at issue in this case. (Bernard Aff. ¶¶ 10, 12, 14, 16, 18.) However, during Bernard's cross-examination, he acknowledged that neither LAMCO nor ACEMLA owns the rights to the disputed songs. First, Mr. Bernard acknowledged the accuracy of a document filed by LAMCO and ACEMLA in 2016 in another case stating that the registered works listed in the LAMCO and ACEMLA catalogue had not been "owned by LAMCO or ACEMLA since June 2003." (Def. Ex. 38 at 6.) Upon review of that document, Bernard acknowledged that Dolores Vera, his sister-in-law and a LAMCO employee, actually owns the rights to the songs, not LAMCO. (Trial Tr. 24:17–25:16.) Second, on cross-examination, Mr. Bernard authenticated a Certificate of Recordation in the Copyright Office with two attached agreements: a Transfer and Sale of Copyright Assets and a Sub-Publishing Agreement, both bearing Mr. Bernard's signature. (Def. Ex. 39; Trial Tr. 26:14–27:4.) The transfer agreement indicates that LAMCO transferred its rights in all of the musical compositions and other copyrights that it owned to Ms. Vera on July 7, 2002. (Def. Ex. 39 at 3; Trial Tr. 24:7–10, 24:15–19.) In his testimony, Mr. Bernard acknowledged that the document transferred all of LAMCO's interests in its copyrights to Ms. Vera. (Trial Tr. 27:8–10.) Third, LAMCO's bankruptcy filing in the United States Bankruptcy Court for the District of Puerto Rico, which Mr. Bernard also signed and authenticated during cross-examination (Trial Tr. 101:24), indicates that LAMCO owns no intellectual property beyond its logo, which LAMCO valued at $1.00. (Def. Ex. 40 at 11.)

Accordingly, IT IS HEREBY ORDERED that Mssrs. Talcott and Torres shall, no later than May 1, 2017, show cause as to why each should not be sanctioned for failure to comply with discovery obligations, failure to comply with orders of the Court, and perjury pursuant to Federal Rules of Civil Procedure 11, 26, 37, and the Court's inherent authority to manage its docket and preserve the integrity of the Court. Messrs. Torres and Talcott shall also show cause as to why they should not be referred to the Committee on Grievances for the United States District Court for the Southern District of New York for engaging in conduct violative of the New York State Rules of Professional Conduct, 22 NYCRR §§ 1200.1 *et seq.*, particularly: Rule 1.3(a), which requires a lawyer to "act with reasonable diligence and promptness"; Rule 8.4(c), which prohibits attorneys from engaging "in conduct involving dishonesty, fraud, deceit or misrepresentation"; Rule 8.4(d), which prohibits attorneys from engaging in "conduct that is prejudicial to the administration of justice"; and Rule 8.4(h), which prohibits lawyers from engaging in "conduct that adversely reflects on the lawyer's fitness as a lawyer." Specifically, Messrs. Talcott and Torres shall submit separate filings that address: (1) whether and when Mr. Bernard supplied Messrs. Talcott and Torres with copies of the Recordings; (2) on what basis Messrs. Torres and Talcott filed the original complaint, amended complaints, and trial declaration with specific dates and times of alleged infringements; (3) whether Messrs. Torres, Talcott, or Bernard were in possession of the Recordings at the time they were demanded by Defendant in the course of discovery; (4) whether and when Mr. Talcott was told that the Recordings were destroyed by ransomware; (5) whether and when Mr. Bernard represented to Messrs. Torres and Talcott that LAMCO owned the copyrights to the songs at issue, and (6) on what basis Messrs. Torres and Talcott filed documents with the Court indicating that LAMCO owned the copyrights to the songs at issue. To the extent Messrs. Torres's and Talcott's submissions reveal information protected by

the attorney-client privilege or the work-product doctrine, the submission may be filed under seal along with an application explaining why the submission implicates privilege concerns and citing relevant authority. Defendants will have until May 11, 2017 to respond to the Torres and Talcott submissions.

IT IS FURTHER ORDERED that Plaintiffs and Messrs. Torres and Talcott shall preserve all of their computer systems, any copies of the Recordings in their possession, and any correspondence, emails, or email systems used to communicate with Plaintiffs, Plaintiffs' counsel, or opposing counsel over the course of this matter.

Dated:     April 20, 2017
          New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE