UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LATIN AMERICAN MUSIC COMPANY, INC., a/k/a LAMCO, and ASOCIACIÓN DE COMPOSITORES Y EDITORES DE MÚSICA LATINOAMERICANA, a/k/a ACEMLA,

        Plaintiffs,

-v-

SPANISH BROADCASTING SYSTEM, INC.

        Defendant.

No. 13 Civ. 1526 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    On July 17, 2020, the Court entered judgment (the "Judgment") against Latin American Music Company, Inc. ("LAMCO") and Asociación de Compositores y Editores de Música Latinoamericana de Puerto Rico, Inc. ("ACEMLA") (collectively, "Plaintiffs"), holding Plaintiffs jointly and severally liable for reasonable attorneys' fees and costs totaling $845,040.95. (Doc. No. 223.) The Judgment directs Plaintiffs to pay $503,393.05 of the total amount owed to Defendant Spanish Broadcasting System, Inc. ("SBS"), with the remainder to be paid to non-party indemnitor Broadcast Music, Inc. (*Id.*) Plaintiffs appealed the Judgment but have not posted a bond or sought a stay of its execution.

    On January 15, 2021, SBS moved for an order pursuant to 28 U.S.C. § 1963 to register this Court's Judgment in the District of Puerto Rico while Plaintiffs' appeal is pending. (Doc. No. 232.) Section 1963 provides that "[a] judgment . . . entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or . . . when ordered by the court that entered the judgment

for good cause shown." 28 U.S.C. § 1963. Thus, "[n]otwithstanding the pendency of an appeal," a judgment may be registered in another judicial district when ordered by the issuing court for "good cause." *See Pereira v. Cogan*, No. 00-cv-619 (RWS), 2003 WL 22510410, at *1–2 (S.D.N.Y. Nov. 4, 2003). "Good cause is established upon a mere showing that the party against whom the judgment has been entered has substantial property in the other foreign district and insufficient property in the rendering district to satisfy the judgment." *HSH Nordbank AG New York Branch v. Swerdlow*, No. 08-cv-6131 (DLC), 2010 WL 1957265, at *1 (S.D.N.Y. May 14, 2010) (internal quotation marks omitted). "A judgment creditor need not provide exact evidence of the debtor's assets and good cause may be supported by a lesser showing." *Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, No. 09-cv-5087 (JFK), 2014 WL 2893306, at *4 (S.D.N.Y. June 26, 2014) (internal quotation marks omitted); *cf. HSH Nordbank AG New York Branch*, 2010 WL at *1 ("A court may rely on affidavits and other documentary evidence in order to determine whether good cause has been shown.").

SBS has provided ample evidence in support of its January 15 motion, including: (1) a public records search revealing no real or personal property owned by Plaintiffs in New York, and (2) Plaintiffs' sworn declarations, previously submitted in connection with their respective bankruptcy filings in Puerto Rico in 2017, which show that Plaintiffs have assets in Puerto Rico.[1] (*See* Doc. No. 234.) Plaintiffs have not objected to SBS's motion and have "failed to submit any evidence to the contrary or offer any substantial reason why [SBS's Judgment] should not be protected by registration" in Puerto Rico. *See Owen v. Soundview Fin. Grp., Inc.*, 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999). Because SBS has established "good cause" and Plaintiffs have failed to provide a basis for denying SBS's motion to register the Judgment in the District of Puerto

---

[1] According to SBS, Plaintiffs' bankruptcy proceeding was dismissed in 2019. (*See* Doc. No. 233.)

Rico, SBS's motion is GRANTED.  *See Lifetree Trading Pte. Ltd. v. Washakie Renewable Energy, LLC*, No. 14-cv-9075 (JPO), 2018 WL 4278280, at *1 (S.D.N.Y. Feb. 1, 2018); *HSH Nordbank AG New York Branch*, 2010 WL at *1.  The Clerk of Court is respectfully directed to terminate the motion pending at Document Number 232 and issue a certified copy of the judgment for filing in the District of Puerto Rico.

SO ORDERED.

Dated:     May 7, 2021
             New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation